## T. W. WATSON v. ATLANTIC COAST LINE RAILROAD COMPANY.

(Filed 16 October, 1907).

1. **Railroads—Transport—Evidence—Burden of Proof—Instructions—Questions for Court.**

    ⁓ When it is admitted that certain articles were received by defendant, to be transported and delivered to plaintiff, the party aggrieved, both points being in the State, the distance separating them fifty-eight miles, with but one intermediate point between the place of shipment and destination, and that they were not delivered to plaintiff within twenty-one days, without explanation, the Court should instruct the jury, as a matter of law, that the delay was unreasonable.

2. **Same.**

    When the initial carrier delivers goods to its connecting carrier, necessary for them to be by it further transported to their destination, and an unreasonable delay occurs, without evidence as to which carrier was responsible for the delay, the defendant, the initial carrier, is liable for the entire delay, the burden of proof being upon it as the party having the evidence peculiarly within its own knowledge or possession.

3. **Railroads—Penalty Statutes—Transport—Construction.**

    Under Revisal, sec. 2632, the two days at the initial point are allowed for the purpose of giving a reasonable time to begin the transportation; the forty-eight hours at each intermediate point are allowed for the necessary change of cars or unloading and loading; and it is not a reasonable construction of the statute to deduct the day of the receipt and the day of delivery from the time thus fixed.

4. **Same—Sundays.**

    The time for the transportation of goods shipped by the defendant carrier, as fixed by Revisal, sec. 2632, is not affected by section 2613, prohibiting freight trains to run on Sundays, etc., and the intervening Sundays should not be counted, especially in a shipment where the entire distance is not over forty-eight miles and five days free time is allowed.

CIVIL ACTION for the recovery of penalty before a justice of the peace, and heard on appeal to the Superior Court of

BERTIE County, at Spring Term, 1907, before *Lyon, J.,* and a jury.

The following evidence was submitted:

Bill of lading, duly signed by defendant company, for carload of lumber to be shipped by plaintiff, T. W. Watson, at Cedar Landing, Bertie County, N. C.

1. That on 1 October, 1906, the Rocky Mount Sash and Blind Company, at Rocky Mount, delivered to the Atlantic Coast Line Railroad Company, for T. W. Watson, at Cedar Landing, N. C., the owner and party in interest, a carload of lumber and window frames, to be shipped and delivered at Cedar Landing to said Watson.

2. That the distance from Rocky Mount to Cedar Landing is fifty-eight miles, and there is in that distance one intermediate point, to-wit, Williamston, N. C., where the defendant connects with the Norfolk and Southern Railroad Company by boat for Cedar Landing.

3. That said shipment was delivered to the plaintiff at Cedar Landing on 21 October, 1906.

4. That the entire route of the shipment and both terminal points are in North Carolina.

5. The defendant delivered to the plaintiff the bill of lading named, above referred to.

The Court instructed the jury, if they believed the evidence, to answer the first issue "Yes" and the second issue "$100." To this charge defendant excepted. Thereupon the Court rendered judgment. Defendant excepted to the judgment, and appealed.

*Winston & Matthews* for plaintiff.

*J. H. Pou, G. B. Elliott* and *Pruden & Pruden* for defendant.

HOKE, J., after stating the case: In support of its exception to the charge of his Honor on the first issue, the defend-

ant insists that the only obligation assumed by the contract of carriage, evidenced by the bill of lading, was to transport within a reasonable time the articles to the point of destination, if on its line, and if not, to transport and deliver to the next connecting carrier on the route to the final destination. In the absence of any evidence of a joint obligation, this is unquestionably true.    It is further true that, if the consignee seeks to fix the carrier with liability, either by way of damages or for statutory penalty, the burden of proof is upon him to show that the goods were not transported, according to the contract, within a reasonable time.    *Walker v. Railroad,* 137 N. C., 163.    In this case it is conceded that the articles were received by defendant at Rocky Mount, 1 October, 1906, to be transported and delivered to plaintiff at Cedar Landing, both points being in this State, and the distance separating them fifty-eight miles; that they were delivered to plaintiff 22 October, 1906; that there was but one intermediate point between the place of shipment and destination.    When the facts are admitted and but one reasonable inference can be drawn from them, the Court should instruct the jury as a matter of law—this is elementary.    In the absence of explanation, it would not seem open to debate that the time between the receipt and delivery of the articles was unreasonable.    We do not understand counsel to controvert this proposition.    Defendant insists that, conceding this to be true, it also appears that Williamston is, for the purpose of this shipment, the terminus of defendant's line, and that at that point the articles were delivered to and transported by the Norfolk and Southern Railroad Company to their final destination.    It is clear that if within a reasonable time the defendant delivered the articles to the Norfolk and Southern Company, and the delay occurred upon that line, the defendant was exonerated and the liability was transferred to that company.

The question, therefore, is, where does the burden of proof rest as to such transportation and delivery?    We had occasion

to discuss this question in the case of *Meredith v. Railroad,*
137 N. C., 478, in an action for damages for a failure to trans-
port goods in a reasonable time and deliver them in good con-
dition.    After a careful consideration of the authorities, we
held that the means of proof being within the control of the
contracting company, upon the well-settled exception to the
general rule, the burden was upon it to account for the dam-
aged condition of the goods.    In *Harper v. Express Co.,* 144
N. C., 639, we held that the same principle would apply where
the action was for wrongful delay, and that presumption of
responsibility would arise against any one of the connecting
carriers shown to have possession and control of goods after
the delay occurred.    We can perceive no good reason why the
same principle should not control in an action for the statu-
tory penalty for delay in transporting goods.    As we said in
*Stone's case,* 144 N. C., 220, the only purpose and effect of the
statute is to enforce the common-law duty and penalize its
breach.    The defendant keeps a record of all shipments over
its line by means of way bills, showing the date of receipt,
date of arrival at the destination, together with all other data
enabling its agents to keep trace of the shipment.    It also
takes a receipt from the connecting carrier to which shipments
are delivered for transportation to the point of destination.
This record is always made by and under the control of de-
fendant's agents.    The shipper or consignee only knows
from his bill of lading when the goods are shipped and when
delivered.    It is manifest, upon every principle of fair deal-
ing, that when he shows an unreasonable delay in the trans-
portation, all matters in exoneration or defense should come
from the defendant.    To hold otherwise would be to render
the legislation enacted for the enforcement of the duty of the
carrier and protection of the "party aggrieved" of no effect—
to keep the promise to the ear and break it to the sense.    If,
as in this case, the carrier may permit articles—lumber and
window frames—doubtless shipped to meet an immediate

necessity, to be delayed from 1 October to 22 October, a distance of fifty-eight miles, and without any explanation or information as to the cause or place of such delay, call upon the defendant to summon its agents, with its own records, to show when, where and how the delay occurred, the statute would be of little value as a remedy for the wrong done him. His Honor was, therefore, clearly correct in his instructions to the jury upon the first issue.

The defendant excepts to the instruction upon the second issue.    His Honor assumed that the entire delay occurred on the defendant's road.    In the absence of any explanation, we are unable to perceive how any other rule can be applied. For the same reasons which fixed the burden of proof regarding the place or cause of the delay, we are constrained to hold that the defendant must be held liable for the entire delay. If, having the evidence in its possession to show the contrary, the defendant withholds it from the Court, it has no just cause of complaint.    In the absence, therefore, of any evidence showing when the article was delivered to the connecting carrier, the initial or contracting carrier will be charged with the entire time during which the unreasonable delay occurred.    If it has discharged its full duty, or has partially done so, the evidence thereof is within its possession and not known to plaintiff.

His Honor directed the jury to answer the second issue "one hundred dollars."    This is upon the theory that there was a delay of twenty-one days, two days being allowed at the shipping point and two days at the intermediate point, leaving seventeen days.    The judgment of $100 is based upon a charge of $25 for the first day and $5 per day for fifteen days. It is stated in the brief that 21 October was Sunday.    We presume that his Honor deducted that day.    The defendant's counsel insist that the day of receipt and the day of delivery should be deducted, and from the time thus fixed the four days should be deducted.    We do not think this a reasonable construction of the statute.    The two days at the initial point

are allowed for the purpose of giving a reasonable time to begin the transportation. The forty-eight hours at each intermediate point are allowed for change of cars—if necessary, unloading and reloading. The defendant insists that, in view of the statute (Revisal, sec. 2613) prohibiting freight trains to run on Sundays, between sunrise and sunset, the Sundays intervening between the day of shipment and delivery should not be counted. This suggestion might be made effective on appeal to the Legislature, but the Court is not at liberty to adopt it, when the statute which imposes the penalty (Revisal, sec. 2632) contains no such provision. We should not read into the statute an exception which the Legislature has not seen proper to make. *Davis and another v. Railroad Co.,* at present term. It will be noticed that the carrier is only prohibited from running its train for a part of Sunday, between sunrise and sunset, and certainly in the present case there has been no hardship imposed in the matter of time. In a shipment where the entire distance was not over fifty-eight miles there has been an allowance of five days as free time, and this was as favorable as the defendant could reasonably ask.

There has been no error of which the defendant can complain, and the judgment below is

Affirmed.