BLUE RIDGE COLLECTION AGENCY v. SOUTHERN RAILWAY
COMPANY.

(Filed 13 May, 1908).

1. **Railroads—Carriers—Revisal, sec. 2632—"Intermediate Points."**
    In shipments of less than carload lots, a point where they are
    ordinarily transferred from one car to the other in transit, at a
    junctional point on the same road, is an intermediate point,
    within the meaning of Revisal, sec. 2632.

2. **Same—Arrival on Sunday—Delivery.**
    When the carrier was allowed two days' time for a shipment at
    an intermediate point (Revisal, sec. 2632), and therefore could
    not deliver it before Sunday, delivery on the next succeeding day
    was a compliance with the law.  (Revisal, sec. 2839).

ACTION to recover a penalty, under section 2632 of the Re-
visal, for delay in transporting a safe from Thomasville,
N. C., to Hickory, N. C., tried before *Ward, J.,* at October
Term, 1907, of CATAWBA.

From the judgment rendered the defendant appealed.

*S. J. Ervin* for defendant.
Plaintiff not represented in this Court.

BROWN, J.   The evidence tended to show that the safe was
delivered to the defendant at Thomasville, N. C., on Tuesday,
22 January, 1907, for transportation to Hickory, N. C., and
that this safe arrived at Hickory on 30 January.   Salisbury,
according to the evidence, is an intermediate point, within the
meaning of the act, between Hickory and Thomasville.   The
defendant was entitled to two days at such intermediate point.
*Wall-Huske Co. v. Railroad, ante,* 407.

As the defendant is entitled to a deduction of two days at
the intermediate point, the safe could not have arrived at
Hickory in time for delivery before Sunday.   The defendant,
under section 2839 of the Revisal, was not required to make
delivery on Sunday, and delivery on the succeeding day is in
compliance with law.

147—38

His Honor erred in not making these deductions. The judgment is reduced by them to $15, and it is so modified.

Let the costs be taxed against plaintiff and defendant equally.

This ruling renders it unnecessary to consider the interesting brief and argument of the learned counsel for defendant, in which he asks us to reconsider the judgment in *Watson v. Railroad,* 59 S. E., 55, in regard to excluding Sundays in all cases. A recent discussion of the subject will also be found in *Sully v. Railway,* 76 S. C., 173; 56 S. E. Rep., 782.

Modified and Affirmed.