MURCHISON, EXECUTRIX, v. MILLER

1. WRIT OF ASSISTANCE—CHAMBERS—CONTEMPT.—Judge may grant writ of assistance on rule to show cause at chambers, but cannot commit for contempt.

2. IBID.—EVIDENCE—DEED—DEMAND.—In motion for writ of assistance where party is shown to have knowledge of judicial sale of land, and resists motion on ground that sale is void, it is not necessary to show production of deed and demand for possession.

3. IBID.—ESTOPPEL—RES JUDICATA.—Error confirming foreclosure sale and previous order refusing to enjoin sale, estop defendant from setting up in motion for writ of assistance defense that sale was void under agreement between the parties relied on in motion to enjoin.

Before GARY, J., Richland, October, 1901.    Affirmed.

Motion by Marriet Murchison, executrix in same, against Minnie H. Miller, Robert N. Senn, Wm. H. Lyles and John 'S. Verner, receiver, for writ of assistance against Minnie H. Miller and her husband, Jasper Miller. From order commanding writ to issue, Jasper Miller and wife appeal.

*Messrs. Frank G. Tompkins* and *Jno. T. Duncan,* for appellants, cite: *Judge at chambers has no jurisdiction of proceedings for contempt:* 49 S. C., 226; Code, 304, 322; 47 S. C., 31; 4 Ency. P. & P., 340.

*Mr. R. W. Shand,* contra, cites: *Circuit Judge at chambers may issue writ of assistance:* Rev. Stat., 2244; 1 Smith Ch. Pr., *447; 2 *Ibid.,* *213; 4 Johns. Ch., *609; 11 Ency. P. & P., 1082; 13 Rich. Eq., 214; 1 Ency. P. & P., 975-986;

11 Cal., 193. *Sale was completed by making deed:* Bail. Eq., 13. *Right to possession being denied, not necessary to show deed:* 94 N. C., 411; 37 S. C., 417.

July 21, 1902. The opinion of the Court was delivered by

Mr. JUSTICE JONES. This is an appeal from an order of Judge Ernest Gary, made at chambers, granting a writ of assistance to put a purchaser at mortgage foreclosure sale into possession of the premises. The grounds upon which the order was granted will appear by reference to the order, which is as follows:

"This matter came before me on a rule issued on the application of the plaintiff against the defendant, Mrs. Minnie H. Miller, and her husband, Jasper Miller, to show cause why they should not be attached for contempt of Court in refusing to yield up possession of the land purchased by Harriet M. Beckwith under the decree of the Court in this case; and that such further order, if any be necessary, be issued to force compliance with said decree. The Circuit Court adjourned without hearing a return to said rule, and the matter was taken up by me in Columbia on the 10th of September, 1901. The respondents made return by their attorneys, Duncan and Tompkins. It happens that the property in question was mortgaged by Minnie H. Miller to Harriet Murchison, executrix (now Harriet M. Beckwith); the mortgage was foreclosed by a proceeding in Court to which Mrs. Minnie H. Miller was duly made a party, and she made default. The property was sold under the decision of the Court, from which there was no appeal. The sale of the part now in question to Mrs. Harriet M. Beckwith was reported by the master to the Court, and this report was duly confirmed. The decree of the Court directed that upon the making of the deed by the master, the purchaser be let into possession of the premises purchased by her on production of the deed executed by the master, it being recorded. The possession has not been surrendered by the respondents, and they, in their return, dispute the right of the plaintiff to pos-

session, on the grounds that there was no legal sale, by reason of an alleged agreement between Mrs. Beckwith and Jasper Miller, representing his wife, made prior to the sale. This objection has previously been urged by Mr. and Mrs. Miller by a proceeding in the cause had before Judge Townsend prior to the sale, in which Judge Townsend refused to interfere. From the order of Judge Townsend no appeal was taken. It is manifest, therefore, that under the decree, sale and deed in this case, that the plaintiff and purchaser is entitled to the posssession of the property covered by her deed, and that the respondent, Mrs. Minnie H. Miller, and her husband, Jasper Miller, claiming to represent her as agent, are improperly refusing to surrender possession. Under these circumstances, it is proper for the Court to see that its decree is carried out. Process of contempt might justly be invoked in the court of equity, but plaintiff waives at this stage of the case any right to claim such process, and asks only for such process as will be necessary to carry the decree of the Court into effect. Such an order may be passed not only in open court, but by the Judge at chambers.

"It is, therefore, ordered, that the clerk of the Court do issue a writ of assistance in the usual form, directed to the sheriff of Richland County, requiring him to put Mrs. Harriet M. Beckwith in person, or by attorney, in possession of the land described in deed of John S. Verner, master, to Harriet M. Beckwith, dated 11th July, 1898, recorded in clerk's office, Richland County, 12th August, 1898, in deed book 'Y,' page 546. It is further ordered, that the respondents, Jasper Miller and Mrs. Minnie H. Miller, their agents and tenants, be enjoined from interfering in any way with the execution of said writ by the sheriff, or with the possession of the said lands by Mrs. Harriet M. Beckwith. Let the papers in this cause be filed with the clerk of Court, with the original judgment roll."

It is excepted that the Circuit Judge erred in assuming jurisdiction of the rule to show cause at chambers. It will be observed that the rule to show cause also contemplated

judgment for contempt, and when issued it was expected to be heard while the Court was in session, but the Court adjourning before a hearing could be had, the matter was taken up before the Judge at chambers; but as no judgment for contempt was in fact made, the principle announced in *State* v. *Nathans,* 49 S. C., 200, 27 S. E. R., 52, has no application. The order was in the nature of a writ of assistance to enable the sheriff to put the purchaser at a judicial sale into possession of the premises. The usual practice in this State is to proceed by rule to show cause. *Trenholm* v. *Wilson,* 13 S. C., 174; *LeConte* v. *Irwin,* 23 S. C., 106; *Gerald* v. *Gerald,* 31 S. C., 171, 9 S. E. R., 792. The order in such case is final process to enforce the decree of the court of equity, and is like an execution or writ of possession in an action of ejectment. The power to grant such an order at chambers is found in sec. 2733, Townsend's Code, which provides: "The Circuit Court shall be deemed always open for the purpose of issuing and returning *mesne* and final process * * * and it shall be competent for any Judge of the said Courts, upon reasonable notice to the parties, in the clerk's office or at chambers, and in vacation as well as in term, to make, direct and award all such process * * *." It is also recognized in sec. 402 of the Code of Civil Procedure, where it is provided: "2. Motions may be made to a Judge or Justice out of Court, except for a new trial on the merits."

It is urged under the second exception that it is error to grant the writ because the decree of sale provided that the purchaser shall be let into possession on production of the deed, and that said deed has never been produced, shown to or served upon the party in possession, Minnie H. Miller. While it is proper and usual in applications like this to show that the party in possession refused to deliver the same on production of the deed and demand for possession, proof of such formal production of the deed is not necessary, when it is made to appear, as in this case, that the party in possession with knowledge of the

sale withholds possession from the purchaser on the ground that the sale is void.    In such a case the formal exhibition of the deed to the party in possession would be a useless ceremony.

The remaining exceptions relate to the contention of appellants that the sale was void by reason of an alleged agreement between Mrs. Harriet M. Beckwith and Jasper Miller, the husband and agent of Mrs. Minnie H. Miller, made after the judgment of foreclosure and prior to the sale thereunder to Mrs. Beckwith.    The contention in behalf of Mrs. Miller is, that in 1897, after the order of foreclosure herein, and after the said property was bid in by Mrs. Miller at the first sale thereunder and after she had failed to comply with her bid, Mrs. Beckwith, the mortgagee, agreed that upon Mrs. Miller's paying up all Court costs and attorney's fees, and paying $750, that she (Mrs. Beckwith) would take a new mortgage exactly like the old one, providing for the payment of the debt within five years, and that the proceedings instituted under the old mortgage should be ended and taken out of Court, and that Mrs. Miller had complied with her part of the agreement. That there was any such agreement was denied by Mrs. Beckwith and her attorney, Mr. Shand, who contended that the agreement was merely to postpone the sale under the decree until first Monday in January, 1898.    It appears that the property was advertised for resale in January, 1898, and was postponed at the request of Mrs. Miller.    In February, 1898, on a petition setting up the alleged agreement, Mrs. Miller procured from Judge Townsend a temporary restraining order, enjoining proceedings to sell said property; but upon return to the rule to show cause issued by him, the rule was discharged and the temporary injunction was dissolved. No appeal was taken from Judge Townsend's order.    The property was advertised and offered for sale in March, 1898, and was bid in by Mr. Jasper Miller, who failed to comply with the terms of the sale.    The premises were resold in May, 1898, and purchased by Mrs. Beckwith, who received

deed of conveyance dated 11th July, 1898, recorded August 12, 1898. This sale was confirmed by order of the Court on July 12, 1898. If there was any such agreement as set up by Mrs. Miller, the order of confirmation estops her from asserting it, *LeConte* v. *Irwin,* 23 S. C., 111, not to mention the unappealed order of Judge Townsend, which refused to restrain said sale upon an application based upon said alleged agreement.

The judgment or order of the Circuit Court is affirmed.