### 8164

### BURNETT & JOHNSON v. SENN.

1. EVIDENCE—CONVERSATION OVER TELEPHONE.—So much of a conversation over a telephone as one sitting in an office hears by a party calling another is not competent against the party called, in the absence of evidence that the call had been answered from the office called or that some one in the office had agreed to make the sale in question. But it is held in this case by the majority of the Court that the error in admitting this evidence was not material in view of the other evidence.

2. MECHANIC'S LIEN—DEBT OF ANOTHER.—THE CHARGE here complained of as being on the facts *held* not to be so, but to be a statement of the law that a sale of material to an owner to be used by a contractor renders the owner liable, but a sale to the contractor makes him liable, even though the owner undertook verbally to guarantee the payment.

3. IBID.—Where there is a *bona fide* dispute on reasonable grounds as to the amount due on a statutory lien, tender of the real amount due will not discharge the lien.

MR. JUSTICE FRASER *thinks that where a debtor demands the amount due of his creditor, and when informed makes tender and keeps it good at the trial, the lien should be extinguished.*

Before WATTS, J., Spartanburg, June, 1911.    Reversed.

Action by Burnett and Johnson against J. H. Senn. Plaintiff appeals.

*Mr. Stanyarne Wilson,* for appellant, cites: *What Stover said to the phone should have been excluded:* 63 L. R. A. 988; 12 Ency. 478; 55 S. E. R. 495; 35 Ill. 540; 103 Ill. App. 632; 142 N. Y. 215; 27 Pa. Sup. Ct. 366; 60 S. C. 71; 88 S. C. 285.

*Messrs. Johnson, Nash & Daniel,* contra, cite: *Verdict may be sustained on the evidence other than that of the telephone conversation:* 81 Ga. 297. *But this conversation is admissible:* 85 S. C. 36; 15 Ohio C. C. R. 686; 3 L. R. A. 539; 45 So. 74; 69 At. R. 411; 77 Mo. App. 258; 78 Ill. App. 93; Jones on T. & T. Cos., sec. 697. *Preceding. a statement in the charge by "if" is not a charge on the facts:* 88 S. C. 386.

March 30, 1912.   The first opinion was delivered by

MR. JUSTICE FRASER.   This is a proceeding to foreclose a mechanic's lien.   It seems that the respondent, Senn, made a contract with one W. O. Stover, to erect for him some houses at Mayo, in Spartanburg county.   It is not denied that Stover had contracted with Senn to furnish all materials and to do the work for the stipulated price.   Some of the materials were furnished by the appellants, Burnett & Johnston.   The amount claimed by the appellants was five hundred and ninety-eight dollars and fifteen cents.

The record shows that the respondent admitted that he was responsible for thirty-seven dollars and fifty-one cents of the amount claimed, and tendered it and the costs up to the date of trial.   The record is as follows: "Mr. Nash: We do not admit that they can take judgment like this, but we tender them now $37.51 in payment of our obligation, and we also agree to pay the costs up to this date and tender it also, and here is the money."

It seems that Mr. Senn lived in Greenville county at the time of the contract and went to Mayo with Mr. Stover to locate the buildings.   On the way they passed through Spartanburg and called at the lumber yard of Burnett &

Johnston, when the larger part of the bill was purchased.
Stover did not complete the work and the amount of $37.51
was ordered by Senn alone. As to the rest of the bill,
Stover participated, at least, in the purchase. At the time
of the purchase of the first bill Senn was present. The lum-
ber was shipped to Stover at Mayo. The appellants stating
that this was merely for convenience in order to hasten the
delivery, as Senn would not be at Mayo to receive it. That
the subsequent shipments, except those covered by $37.51,
were made in the same way. The evidence shows that the
original entry was in the name of W. O. Stover and after-
wards the name of J. H. Senn was added. The only testi-
mony to which the attention of this Court is called by way
of exception, is that in relation to a statement over the
phone.

The other exceptions are to the charge and to the decree.

1. I think the first exception ought to be sustained. The
case of *Gilliland* v. *Southern Railway,* 85 S. C. 26, 67 S. E.
20, does not authorize the admission of this evidence. Iden-
tification of a person by his voice may not be neces-
sary, especially in the case of a railroad office, where
the law provides "that any one occupying an office or
room in any railway station and attending to and transact-
ing therein the business of any railroad * * * shall be
deemed the agent," but it is necessary to show that there
was some one at the other end of the line. The testimony
is, "Did he get somebody when he called for Burnett &
Johnston? I guess he did; he was talking." The test sug-
gested by respondent is fair here. He says cut out the lines.
It is done. A man goes to an office, opens the door and
makes a statement loud enough to be heard by a third per-
son. No one could suppose that such statement could bind
the owner of the office unless it were at least shown that
there was some one there to hear the statement. It seems
to me that this exception ought to be sustained.

12—91

I can not agree with the majority of this Court because, in my judgment, when a party loses his cause and there has. been introduced against him evidence which is relevant, though inadmissible, he is entitled to a new trial. When this Court passes on the effect of the testimony, it is really passing on the facts of the case and invading the province of the jury. None but the jury can say what effect the incompetent testimony had or ought to have had.

2. The appellant consolidated the 2d, 3d and 4th exceptions, as follows:

"Second, Third and Fourth Grounds.—Alleged violation of section 26, article V, of the Constitution."

The objectionable language was: "If Johnson & Burnett sold him (Stover) and looked to him for pay, and subsequently discovered that they could not get it out of Stover, and charged the account to Senn, then, under those circumstances, petitioners would not be entitled to recover anything against 'Senn,' and 'if plaintiffs had actual knowledge of the fact that Stover was an independent contractor with Senn, and dealt with him with that knowledge or notice, why, then, they did so at their peril; under circumstances of that sort, they would have to look to Stover for their debt,' and 'If Senn went to Johnston & Burnett and told them that Stover wanted certain material, and, "If Stover don't pay it, I will,"' then they looked directly to Stover and indirectly to Senn, and that would not be sufficient to hold him responsible."

His Honor did not intimate his opinion or state the facts. He merely said in short: if the materials were sold to Senn, then Senn is responsible. If they were sold to Stover, then Senn was not liable, even though he undertook verbally to guarantee the payment.

These exceptions are overruled.

3. Exception 5.—"In decreeing that the petition be dismissed and the lien cancelled, and that defendant recover his costs of plaintiffs; the error being: (1), that it was an admit-

ted fact in the case, and so stated by the Court on the record, that plaintiffs were entitled to judgment in the cause for $37.51; and his Honor, should in any event have decreed against defendant for that amount and the costs of the action; and (2), that the lien should not have been cancelled so long as any amount was due and unpaid thereon."

The first specification can not be sustained. The record quoted above shows that Mr. Nash, the attorney for the respondent, stated: "We do not admit that they can take judgment like this, but we tender them now $37.51 in payment of our obligation, and we will also agree to pay the costs up to this date and tender it also, and here is your money."

The appellant has overlooked this statement. It is in the case, and we are bound by it.

As to the second proposition: I would say, this was a proceeding to enforce a lien. The record shows that the full amount (covered by exceptions) and costs were tendered in open Court. That extinguished the lien and it seemed to me ought to.

Again, I cannot agree with the majority of the Court. It seems to me that when the Court finds that a debtor honestly tries to ascertain the amount of his indebtedness and the creditor refuses to tell him, and as soon as he is informed (*i. e.*, when suit is brought), the debtor tenders the amount of the debt with cost and repeats the tender in open Court, the Court ought not to allow a judgment against him if it has a discretion to refuse. It seems to me that to allow a judgment for money only under the circumstances *so found* is stretching discretion beyond its utmost tether.

My opinion is overruled by the opinion of the majority, and the judgment of this Court is that the judgment appealed from is reversed and the cause remanded to the Circuit Court to allow the entry of judgment in accordance with the opinion of the majority of the Court.

MR. JUSTICE WATTS *disqualified.*

MR. JUSTICE WOODS.   The issues made by the appeal are fully set out in the opinion of Mr. Justice Fraser and need not be repeated.   There are only two points on which there is a difference of opinion.

I agree with Mr. Justice Fraser that the testimony of Senn as to what he heard Stover say at the telephone after calling for the office of plaintiffs was not competent as evidence against plaintiffs, in the absence of evidence that the call had been answered from the office of the plaintiffs, and that some one in the office had agreed to sell the material to Stover.

But it seems to me that the record makes it clear that the error was not material.   The case depended on the most direct and positive contradictions—evidence on one side that Senn had gone to the place of business of the plaintiffs and purchased the building material, on the other that Senn had an independent contract with Stover to build a house, and that he did not agree to pay for any material except a small quantity of the price of $37.51, which he had purchased after Stover had defaulted in his contract.   The verdict shows that the jury believed the defendant's testimony and rejected that of plaintiffs.   The statement of Senn with respect to what he heard Stover say at the telephone was a circumstance too small to be regarded a significant factor in the finding of the jury on the issues submitted to them.   I concur in the view that all the other exceptions should be overruled, but I think the plaintiffs should have judgment for $37.51, the sum admitted to be due, with the costs which had accrued at the date of the tender.

The record shows that there was a *bona fide* dispute upon reasonable grounds as to the amount due on the statutory lien, and under the authority of *Reynolds* v. *Price,* 88 S. C.

520, there is no escape from the conclusion that tender of the real amount due was not a discharge of the lien.

The majority of the Court being of the opinion that the petitioners should have had judgment for $37.51, therefore, it is the judgment of this Court that the judgment of the Circuit Court be reversed, and that the case be remanded to that Court with instructions to enter judgment in favor of petitioners for said sum, and for the costs of the proceedings up to the date of the tender, and with leave to enforce payment thereof by sale of the property described in the petition, unless said sum and said costs, as taxed by the clerk, shall be paid into the hands of the clerk within ten days after notice of the taxation of said costs by the clerk.

MESSRS. CHIEF JUSTICE GARY *and* JUSTICE HYDRICK *concur in the judgment suggested by* MR. JUSTICE WOODS, *because they think all the exceptions should be overruled except the fifth.*