### 8396

#### BURNETT & JOHNSON v. SENN.

APPEAL COSTS.—Where a defendant in open Court tenders a certain amount and accrued costs in satisfaction of plaintiff's claim, which is refused, and he appeals from judgment against him, and the Supreme Court modifies the judgment below, giving plaintiff judgment for the amount tendered, the plaintiff is not the prevailing party on appeal and is not entitled to appeal costs.

Before SEASE, J., Spartanburg, May, 1912.   Reversed.

Action by Burnett & Johnson against J. H. Senn. Defendant appeals.

*Messrs. Johnson, Nash & Daniel,* for appellant, cite: 79 S. C. 388.

*Mr. Stanyarne Wilson,* contra, cites: 43 S. C. 262; 41 S. C 206; 39 S. C. 457; 44 S. C. 377.

December 27, 1912.   The opinion of the Court was delivered by

MR. CHIEF JUSTICE GARY.   This is an appeal from a taxation of costs.

Burnett & Johnson filed a petition, to foreclose a mechanic's lien on the property of J. H. Senn, in which they alleged that the amount then due, was five or six hundred dollars. When the case was called for trial in the Circuit Court, the defendant tendered to the plaintiffs the sum of $37.51, and

the costs that had accrued up to that time, amounting to
$16.30, in satisfaction of the amount alleged to be due,
which the plaintiffs refused. The case was then submitted
to the jury, which rendered a verdict in favor of the defend-
ant, whereupon, the plaintiffs appealed, and the Supreme
Court rendered the following judgment:

"The majority of the Court, being of the opinion that the
petitioners should have had judgment for $37.51, therefore,
it is the judgment of this Court, that the judgment of the
Circuit Court be reversed, and that the case be remanded to
that Court, with instructions to enter judgment in favor of
petitioners for said sum, and for the costs of the proceedings
up to the date of the tender, and with leave to enforce pay-·
ment thereof by sale of the property described in the peti-
tion, unless said sum and said costs, as taxed by the clerk,
shall be paid into the hands of the clerk, within ten days
after notice of the taxation of said costs by the clerk."

The question involved is, whether his Honor, the Circuit
Judge, erred, in ruling that the plaintiffs had the right, to
tax the Supreme Court costs against the defendant.

The prevailing party in the Supreme Court, has the right
to tax his costs of the appeal, even before final judgment in
the cause. These costs are not within the discretion of the
Circuit Judge sitting as a Chancellor; and, do not fall within
the statutory provision, empowering the Judge to direct in
equity cases, which of the parties shall pay them. *Hall* v.
*Hall,* 45 S. C. 1.

In determining whether the plaintiffs were the prevailing
party in the Supreme Court, the offer of the defendant to
allow the plaintiffs to take judgment against him, for $37.51
and the amount of the costs that had then accrued, must be
considered in connection with the fact, that the plaintiffs
succeeded in reversing the judgment of the Circuit Court.

It was the wrongful act of the plaintiffs, in refusing the
tender made by the defendant, that rendered necessary the

rendition of the judgment from which they appealed. The judgment of the Supreme Court was not more favorable to them, than the offer made by the defendant. Therefore, they accomplished nothing by the proceedings subsequent to the time of the tender, and can not be said to have been the prevailing party. It would be an injustice to the defendant, to make him liable for such costs, when the result showed, that the subsequent proceedings on the part of the plaintiffs, were unnecessary.

The defendant is entitled to the Supreme Court costs, and it is so adjudged.