### MILLER v. OWENS.

(Circuit Court of Appeals, Fourth Circuit. February 4, 1913.)

No. 1,115.

1. MORTGAGES (§ 522*)—FORECLOSURE—POWER OF SALE—AUTHORITY OF MASTER.

A foreclosure decree provided that the master should advertise the premises for sale on the first Monday in January next, or on some other convenient sales day thereafter, on the following terms, and, should the purchaser fail within five days to comply with the terms, the master should immediately advertise the premises for resale on the next sales day at the risk of the former purchaser. *Held* that, where the purchaser at the first sale failed to comply with her bid, the master without further authority was authorized to readvertise and resell.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. § 1522; Dec. Dig. § 522.*]

2. JUDGMENT (§ 720*)—DEFENSES—ESTOPPEL.

A mortgagor after purchasing at foreclosure sale, failed to comply with her bid. She procured a temporary restraining order enjoining further proceedings to sell the property, on the ground that she had obtained an extension from the mortgagee; but on return of a rule to show cause the rule was discharged, and the temporary injunction dissolved, from which no appeal was taken, whereupon the property was resold to the mortgagee, and the sale confirmed. *Held*, that the mortgagor was estopped by the order dissolving the injunction to thereafter

claim that the resale was void, because of such alleged agreement with the mortgagee.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 1251; Dec. Dig. § 720.*]

In Error to the District Court of the United States for the District of South Carolina, at Columbia; Henry A. M. Smith, Judge.

Action by Minnie H. Miller against L. B. Owens to recover certain real property. Judgment for defendant, and plaintiff brings error. Affirmed.

This is an action at law, instituted in the District Court of the United States for the District of South Carolina, at Columbia, by the plaintiff in error (hereinafter referred to as plaintiff), Minnie H. Miller, against L. B. Owens, defendant in error (hereinafter referred to as defendant), to recover possession of a tract of land in the possession of the defendant. Both parties claim through a common source. It appears that on the 28th day of February, 1894, the plaintiff, being then the owner, executed a mortgage on the premises involved in this controversy to Harriet Murchison, executrix. This mortgage was foreclosed, and at the sale Mrs. Harriet M. Beckwith, formerly Murchison, became the purchaser, and the master made her a deed on the 11th day of July, 1898. Mrs. Beckwith conveyed these lands to the defendant, L. B. Owens, by deed dated March 12, 1907. The defendant interposed the judgment of foreclosure and the conveyance of the premises to him as a bar to the plaintiff's title and her right to recover. It appears that the plaintiff was made a party to the suit for foreclosure, and appeared and was represented by counsel at different stages of that proceeding. A decree of foreclosure was passed November 10, 1896, and pursuant to this decree the premises were advertised for sale on sales day in January, 1897. At this sale the property was bid in, but the sale was not complied with, and by agreement of the parties the sale of the mortgaged property was then postponed until sales day in January, 1898; but it appears that the premises were not actually readvertised for sale until sales day in February, 1898, at which time the sale was temporarily enjoined on motion of Mrs. Minnie H. Miller, on the ground of an alleged agreement by Mrs. Beckwith to give an extension of five years for the payment of the judgment debt; but upon the hearing the injunction was dissolved on March 5, 1898, and the property was again offered for sale on sales day in April and May, 1898, and at the latter sale the premises in question were purchased by Mrs. Beckwith, to whom the master made deed on the 11th day of July, 1898, as hereinbefore stated. This sale was confirmed by order of the court on July 13, 1898. Later, in 1901, when Mrs. Beckwith was offering the land for sale, Mrs. Miller and her husband, Jasper Miller, forbade the sale and refused to yield possession. Upon rule upon them to show cause why Mrs. Beckwith should not be put in possession under her deed, it was adjudged that she was entitled to a writ of assistance to obtain possession, and the decree, among other things, stated: "Jasper Miller and Minnie H. Miller, their agents and tenants, be enjoined from interfering in any way with the execution of said writ by the sheriff or the possession of said lands by Mrs. Harriet M. Beckwith." From this judgment Mrs. Miller and her husband appealed to the Supreme Court of the state of South Carolina, and, after a hearing by that court, the judgment of the lower court was affirmed. Mrs. Beckwith, being in possession pursuant to her deed and the judgment of the court on March 12, 1907, conveyed the premises to L. B. Owens, the defendant, who has been in possession ever since. The case was tried at the November term, 1911, and at the close of the testimony the court instructed the jury to return a verdict in favor of the defendant. The plaintiff excepted to the ruling of the court in this respect, and sued out a writ of error to this court.

Stanyarne Wilson, of Spartanburg, S. C., for plaintiff in error.
Melton & Belser, of Columbia, S. C., for defendant in error.

Before GOFF and PRITCHARD, Circuit Judges, and McDOW-
ELL, District Judge.

PRITCHARD, Circuit Judge (after stating the facts as above). [1]
It is stated in the brief for the defendant that:

"Plaintiff assails in this court title of defendant on the ground that the
power of the master to sell under said decree was exhausted by the sale
made by him in March, 1898, and that he was without power to resell, as he
did, in May, 1898, and that consequently his deed was a void act."

An examination of the record discloses the fact that the sale was
advertised for sales day in February, 1898, and that further advertise-
ment of the premises was enjoined by the order of Judge Townsend,
dated February 5, 1898, and this injunction was not dissolved until
March 5, 1898. Therefore the advertisement of the premises for sale
on the March sales day was precluded by the order that had been
granted by Judge Townsend. It appears from the master's report
that the premises were advertised for sales day in April and May,
1898. It appears from the decree of foreclosure of November 10,
1896, that:

"The master for Richland county do advertise the mortgaged premises, as
described in the complaint, for sale at public auction * * * on the first
Monday in January next, or some other and convenient sales day thereafter,
on the following terms," etc.

And in the fourth paragraph of the provision it is provided:

"* * * Should any purchaser fail within five days to comply with the
terms of sale, the said master shall immediately thereupon advertise the
said premises for sale on the next sales day at the risk of the former pur-
chaser."

Construing these two clauses together, to wit, "on any convenient
sales day," and "should any purchaser fail within five days to comply
with the terms of the sale, the said master shall have the right to ad-
vertise the sale for the next sales day at the risk of the former pur-
chaser," we find nothing in this provision to limit the number of sales
that were to be made in pursuance of the decree.

The second proviso cannot be construed to be a limitation upon the
power of the master, but is, in our opinion, an additional authority,
which could be exercised in case it was desired to resell at the risk
of the former bidder, a right which the holder of the judgment might
waive. Under these circumstances, we do not think that there is any
ground for the contention that there was a lack of authority to sell
these premises at the time they were sold, and upon which the decree
of confirmation was based.

[2] At the conclusion of the testimony the learned judge who
heard this case in the court below said:

"I rule that the order of Judge Townsend, not appealed from, and the or-
der of confirmation of sale in the case of Murchison, Ex'r, v. Miller et al.
and the decree of the Supreme Court affirming the decree below, as reported
in Murchison v. Miller, 64 S. C. 425 [42 S. E. 177], makes the matter res

adjudicata, that if the plaintiff did not raise, by way of objection to the order of confirmation of the sale, the specific point now raised, that is, that the original decree did not contain power to the master to resell in May, 1898, after Miller's failure to comply in March, 1898, that she could have raised it, and that she is concluded by that decree as to not only what she actually raised, but as to what was within the scope of the proceedings, and which she could have raised in opposition to the confirmation of the sale. So I shall direct a verdict. * * *"

In the case of Murchison v. Miller, 64 S. C. 429, 42 S. E. 178, to which the lower court referred, the Supreme Court of that state, among other things, said:

"The contention in behalf of Mrs. Miller is that in 1897, after the order of foreclosure herein, and after the said property was bid in by Mrs. Miller at the first sale thereunder, and after she had failed to comply with her bid, Mrs. Beckwith, the mortgagee, agreed that, upon Mrs. Miller's paying up all court costs and attorney's fees and paying $750, she (Mrs. Beckwith) would take a new mortgage exactly like the old one, providing for the payment of the debt within five years, and that the proceedings instituted under the old mortgage should be ended and taken out of court, and that Mrs. Miller had complied with her part of the agreement. That there was any such agreement was denied by Mrs. Beckwith and her attorney, Mr. Shand, who contended that the agreement was merely to postpone the sale under the decree until the first Monday in January, 1898. It appears that the property was advertised for resale in January, 1898, and was postponed at the request of Mrs. Miller. In February, 1898, on a petition setting up the alleged agreement, Mrs. Miller procured from Judge Townsend a temporary restraining order, enjoining proceedings to sell said property; but, upon return to the rule to show cause issued by him, the rule was discharged, and the temporary injunction was dissolved. No appeal was taken from Judge Townsend's order. The property was advertised and offered for sale in March, 1898, and was bid in by Jasper Miller, who failed to comply with the terms of the sale. The premises were resold in May, 1898, and purchased by Mrs. Beckwith, who received deed of conveyance dated July 11, 1898, recorded August 12, 1898. This sale was confirmed by order of the court on July 12, 1898. If there was any such agreement as set up by Mrs. Miller, the order of confirmation stops her from asserting it (Le Conte v. Irwin, 23 S. C. 111), not to mention the unappealed order of Judge Townsend, which refused to restrain said sale upon an application based upon said alleged agreement (Murchison v. Miller, 64 S. C. 429, 430 [42 S. E. 177])."

Thus it will be seen that it was determined by the Supreme Court of South Carolina that, inasmuch as these lands were sold under a proceeding to which Mrs. Miller was a party, she was thereby estopped from asserting any agreement that she may have had with Mrs. Beckwith as to a further extension of time, independent of the fact that she failed to take an appeal from the order of Judge Townsend, which refused to restrain the sale of these lands upon an application based upon said alleged agreement.

The Supreme Court of South Carolina in Le Conte v. Irwin, 23 S. C. 112, stated the following:

"If a party fails to make his defense or present his claim at the proper time and in the proper mode prescribed by law, he must take the consequences."

Also in the case of Ruff v. Doty, 26 S. C. 178, 1 S. E. 710, 4 Am. St. Rep. 709, the Supreme Court said:

"An adjudication is final and conclusive, not only as to the matter actually determined, but as to any matter which the parties might have litigated and had decided as incident to or essentially connected with the subject-matter of the litigation, and every matter coming within the legitimate province of the original action, both of claim and defense."

Under the circumstances, we are of the opinion that the ruling of the learned judge who heard this case in the court below was eminently proper. For the reasons stated, the judgment of the lower court is affirmed.

Affirmed