### 8611

### BROWN & PARLER v. KOLB.

APPEAL COSTS.—Where in claim and delivery a verdict is found for pos-
session of the property and a special finding that defendant owed
plaintiff a certain amount, and upon appeal by defendant that
amount is reduced more than ten dollars, he is entitled to appeal
costs.

Before ERNEST GARY, J., Sumter, April, 1913.
Reversed.

Action by Brown & Parler against J. K. Kolb in mag-
istrate court. From Circuit order fixing appeal costs,
defendant appeals.

*Mr. A. B. Stuckey,* for appellant, cites: 79 S. C. 388; 41
S. C. 206; 44 S. C. 376.

*Messrs. L. D. Jennings* and *R. D. Epps,* contra, cite: 44
S. C. 376; 79 S. C. 388; 43 S. C. 262; 38 S. C. 158; 93
S. C. 316.

July 14, 1913. The opinion of the Court was deliv-
ered by

MR. JUSTICE FRASER. The respondent's statement of
this case is as follows :

"This is an appeal from the order of his Honor, Judge
Ernest Gary, in the above stated case, taxing the costs upon
appeal against the defendant, who was the appellant upon
the first appeal. This was an action in claim and delivery,
brought in the court of magistrate. Before the case was
submitted to the jury, the attorney for the defendant asked
that a special verdict be also rendered by the jury, fixing
the amount due to the plaintiffs by the defendant. In
response to this request, the verdict of the jury was as fol-
lows:

" 'We find for the plaintiffs the right to the possession of the property in dispute, or the value thereof, to wit, the sum of one hundred dollars, in case the return thereof cannot be had. We find the defendant is due the plaintiff the sum of one hundred dollars. Eugene E. Aycock, Foreman.'

"From the judgment entered on this verdict, the defendant appealed to the Supreme Court upon nine exceptions, asking for a new trial upon four grounds. Upon said appeal, the Supreme Court refused the new trial and affirmed the verdict below with the exception of the special finding of the jury, which was reduced in amount from one hundred dollars to seventy-seven and 55-100 dollars. Thereupon, the plaintiffs gave notice of a motion to tax the appeal costs, and the defendant gave a like notice. When the motion came on to be heard by the clerk of the Circuit Court, the said clerk taxed the costs in favor of the defendant and against the plaintiffs. The plaintiffs thereupon moved his Honor, Judge Ernest Gary, to correct said taxation, and to tax the costs in favor of the plaintiffs. When this motion was heard by his Honor, the Circuit Judge, his Honor passed an order correcting the said taxation, and ordered that the said costs be taxed in favor of the plaintiffs against the defendant. From this order the defendant now appeals."

Costs are purely statutory. The statute provides as follows, Code 1912, vol. II (Civil Procedure), sec. 412: * * * "if such offer be not made (none was made here) and the judgment in the appellate court be more favorable to the appellant than the judgment of the Court below, or, if such offer be made and not accepted and the judgment in the appellate court be more favorable to the appellant than the offer of the respondent, the appellant shall recover costs: *Provided, however,* That the appellant shall not recover costs unless the judgment appealed from shall be reversed on such appeal or be made more favorable to him to the amount of at least ten dollars."

The judgment was made more favorable to the appellant herein to the amount of twenty-two dollars and forty-five cents, and the statute says the appellant shall recover costs.

The judgment appealed from is reversed.

MR. JUSTICE HYDRICK *concurs in the result.*