9419

PATES & ALLEN CO. v. BOWEN *ET AL.*

(89 S. E. 356.)

1. JUDGMENTS—MATTERS CONCLUDED—CLAIM TO PERSONAL PROPERTY.— Where a judgment determining the priority of certain chattel mortgages was not appealed, the question of priority was not open upon a rule to show cause why the property involved should not be delivered to the successful party.

2. JUDGES—AUTHORITY IN CHAMBERS.— A Circuit Judge in chambers may issue process to enforce a judgment previously rendered.

3. JUDGES—AUTHORITY IN CHAMBERS—TIME OF RENDITION OF JUDGMENT. —A Circuit Judge in chambers cannot render a judgment.

Before MEMMINGER, J., Pickens, November, 1915. Affirmed.

Action by the Pates & Allen Company against R. E. Bowen and others to determine the priority of certain chattel mortgages. After a judgment determining such priority, the Court, upon a rule to show cause, ordered and

adjudged that the Bank of Norris was entitled to the property under the decree, or, if delivery cannot be had, to its value. Plaintiff appeals.

*Mr. J. J. McSwain,* for appellant, submits: *The spirit of the common law and of legislation alike is opposed to rendering or vacating judgments on merits at chambers:* 47 S. C. 33. *To permit judgments to be rendered or vacated at chambers would lead to "endless confusion."* 54 S. C. 404. *Circuit Judge has no power to pass order on merits at chambers:* 85 S. C. 530. *The mule "Rhoda" was identified only by affidavits and evidence dehors the record as it stood. Affidavits are a "most unsatisfactory method of eliciting truth."* 54 S. C. 473. *No power at chambers to change or modify, or add to, order of previous Judge:* 98 S. C. 183; 97 S. C. 457. *It is the general rule that a decree may not be amended in any respect other than formal or clerical errors after term ends:* 27 A. & E. Ency. 816; 32 S. C. 71; 21 S. C. 17. *This may have been relieved by recommitment to referee for further evidence and report:* 16 Cyc. 503. *Or a new action to construe and enforce the decree:* 16 Cyc. 501; 23 Cyc. 884-886; 150 U. S. 401; 37 L. Ed. 1123.

*Messrs. Shelor & Hughes,* for respondent, submit: *All the parties interested in the question before the Court were parties to the action, and their rights had been adjudicated and settled, and all that was necessary, and all that the Court was aked to do, was to carry out the decree. And a rule to show cause was the proper proceeding:* 31 S. C. 171; 64 S. C. 425; 67 S. C. 108; 89 S. C. 371; 96 S. C. 407; 101 S. C. 453.

June 30, 1916.

The opinion of the Court was delivered by MR. CHIEF JUSTICE GARY.

This is a proceeding on the part of the Bank of Norris, requiring Pates & Allen Company to show cause, at cham-

bers, why they should not deliver to said bank a certain mule, over which each of said parties claims to have a prior lien by way of mortgage.

An action was commenced by Pates & Allen Company against the Bank of Norris and others to foreclose certain chattel mortgages executed in their favor by H. B. Bowen, deceased, but was thereafter changed into an action in the nature of a creditors' bill, for the purpose of marshaling the assets of Bowen's estate, and determining the priorities of the mortgages held by the said parties on certain mules, etc. All the issues in that case were referred to C. E. Robinson as special referee, who reported that the Bank of Norris had a prior lien on one gray or roan mare mule named Rhoda—the mule in dispute. The special referee also reported that the mortgage held by Pates & Allen Company was a prior lien on one gray mare mule, which was not accounted for, and that it did not appear from the testimony whether she was in existence or not. Pates & Allen Company contended that this was the same mule described in the mortgage held by the Bank of Norris as one gray mare mule named Rhoda, which was then in the possession of J. F. Bannister, and now in the possession of Pates & Allen Company.

Pates & Allen Company filed an exception to the report of the special referee, on the ground that their mortgage was the first lien on the gray mare mule named Rhoda, as she was the same mule mentioned in their mortgage. The exception, however, was overruled by his Honor, the Circuit Judge, who confirmed the master's finding of fact, from which there was no appeal. Thereafter his Honor, Judge Prince, issued a rule, at the instance of the Bank of Norris, requiring Pates & Allen Company to show cause before him at chambers, why they should not deliver the said mule to the Bank of Norris. But on account of sickness he did not hear the return, which was heard by his Honor, Judge Memminger, who by consent was to have all authority at cham-

bers which Judge Prince would have had; but objection was made that Judge Prince did not have jurisdiction at chambers to grant said order.   His Honor, Judge Memminger, ruled that the Bank of Norris under the decree was entitled to the said mule or $200, the value thereof, in case a delivery could not be had, and so ordered, adjudged, and decreed. Pates & Allen Company appealed from said order.

The issue as to the priority of lien on the mule in question was determined by the judgment rendered in the action to settle Bowen's estate.

The case of *Murchison* v. *Miller,* 64 S. C. 425, 42 S. E. 177, shows that his Honor, the Circuit Judge, had jurisdiction at chambers to issue process for the purpose of carrying into effect the judgment that had been rendered, and his order to the effect that the mule be delivered to the Bank of Norris should be affirmed.

He, however, did not have jurisdiction at chambers to render judgment for the value of the mule in case it could not be delivered.  It is unnecessary to cite authorities to sustain the proposition that a judgment cannot be rendered at chambers.

It is the judgment of this Court that the judgment of the Circuit Court be modified in the particular hereinbefore mentioned, and that in all other respects it be affirmed.