## 9541

### SPENCE v. SOUTHERN RY. CO.

#### (90 S. E. 750.)

1. COSTS—ON APPEAL—AFFIRMANCE.—A judgment against a railroad company for overcharge of freight rate and statutory penalty was affirmed in the Supreme Court on condition that the plaintiff, within 20 days, remit the penalty, and plaintiff duly complied with the condition. *Held,* the judgment was an affirmance, and plaintiff, as the prevailing party, was entitled to tax the costs of appeal.

2. COURTS—JURISDICTION OF STATE COURTS—RECOVERY OF FREIGHT OVER-CHARGES IN INTERSTATE COMMERCE.—State Courts have jurisdiction of actions to recover overcharges of freight rates on interstate shipments, where no question of the reasonableness of the rate is involved.

Before RICE, J., Chester, November, 1915. Affirmed.

Action by Willie Spence against the Southern Railway Company. From a judgment for plaintiff, defendant appeals.

*Messrs. B. L. Abney* and *McDonald & McDonald,* for appellant, cite: Code Civil Proc., secs. 361, 365, 409 and 412; Civil Code, secs. 4204, 4207; 25 S. C. 243; 44 S. C. 376; 41 S. C. 206; 79 S. C. 388; 95 S. C. 217; 22 S. C. 313; 79 S. C. 389; 37 S. C. 159 and 445; 41 S. C. 206; 43 S. C. 262; 39 S. C. 388; 93 S. C. 316; 95 S. C. 217. *As to jurisdic-*

FOOTNOTE.—As to jurisdiction of State Court in action for refusal of interstate shipment where no administrative question is involved, see *Pennsylvania R. Co.* v. *Sonman Shaft Coal Co.,* 37 Sup. Ct. Rep. 46.

*tion:* 225 U. S. 243; 237 U. S. 121; 240 U. S. 632; 235 U. S. 651.

*Messrs. Marion & Marion,* for respondent, cite: *As to prevailing party:* 41 S. C. 206; 44 S. C. 376; 79 S. C. 388; 37 S. C. 417; 39 S. C. 465; 42 S. C. 329; 95 S. C. 217; 93 S. C. 316; 19 S. C. 455.  *Jurisdiction:* 90 S. C. 475.

October 12, 1916.

The opinion of the Court was delivered by Mr. Justice Hydrick.

This appeal questions the right of the respondent in a former appeal to tax the costs thereof against the appellant therein, notwithstanding the judgment appealed from was affirmed upon a condition—that part of the recovery be remitted—which was performed.  The action was brought in the Court of a magistrate to recover $6.20, an admitted overcharge of freight growing out of an error in the weight of an interstate shipment, and the penalty allowed by statute for the failure of defendant to pay the claim therefor within 40 days after the filing thereof.  Plaintiff had judgment for the full amount of the claim and the penalty.  On appeal from that judgment, this Court held, following the decision of the Supreme Court of the United States in *C. & W. C. Ry.* v. *Varnville Furniture Co.,* 237 U. S. 597, 35 Sup. Ct. 715, 57 L. Ed. 1137, Ann Cas. 1916d, 333, that the statute was void as applied to interstate commerce, and rendered judgment as follows:

"The penalty must, therefore, be remitted.  If this is done within 20 days after notice of the filing of the remittitur, the judgment will stand affirmed; otherwise a new trial is ordered."   101 S. C. 436, 85 S. E. 1058.

The penalty was duly remitted, and, the condition upon which the judgment should stand affirmed having been per-

formed, respondent was allowed to tax the costs of the appeal against appellant, as upon a judgment affirmed, on the authority of *Stepp* v. *Association*, 41 S. C. 206, 19 S. E. 490; *Young* v. *Cohen*, 44 S. C. 376, 22 S. E. 409, and *Salley* v. *Ry.*, 79 S. C. 388, 60 S. E. 938.

The cases cited, and others that might be added, sustain the ruling of the Circuit Court. Appellant's attorneys concede this, but they contend that these cases have been overruled by the more recent cases of *Burnett* v. *Senn*, 93 S. C. 316, 76 S. E. 820, and *Brown* v. *Kolb*, 95 S. C. 217, 78 S. E. 894. But in this they are in error. The cases of *Burnett* v. *Senn* and *Brown* v. *Kolb* rest upon different principles, and are easily distinguished from the cases first above cited and from this case.

In *Burnett* v. *Senn* plaintiff sued for $598. Defendant admitted that he owed plaintiff $37.51, and tendered him that amount, with costs to date of tender, which was refused. Nevertheless the Circuit Court rendered judgment, dismissing the complaint with costs against plaintiff. On appeal that judgment was reversed, and the case was remanded, with instructions to enter judgment for plaintiff for $37.51, the amount admitted to be due him, with costs to date of tender. 91 S. C. 175, 74 S. E. 376. Although plaintiff succeeded in reversing the judgment, it was held on a second appeal, involving his right to tax costs, that he was not entitled to tax any costs against defendant that accrued subsequent to the tender, including the costs of the appeal, on the ground that he failed to recover any more than had been tendered him, and, therefore, all subsequent litigation was caused by his wrongful act in refusing the tender and in trying to recover more than was due him. So, in this case, if defendant had tendered plaintiff the $6.20 which was admitted to be due him, and plaintiff had refused it, and had persisted in litigating for the penalty, this case would

have fallen within the principle upon which *Burnett* v. *Senn* was decided. But no tender was made. True, the record shows that defendant wrote plaintiff a letter, admitting that it owed him $6.20, which it was prepared to pay. But that was not a legal tender, such as would prevent the plaintiff suing therefor from recovering costs. Moreover, when plaintiff sued to recover $6.20 and the penalty, defendant resisted his right to recover, not only the penalty, but the $6.20 also.

In *Brown* v. *Kolb* the judgment of the Circuit Court was modified by a reduction of the amount thereof. It was not affirmed on condition, as was the judgment in this case. To be sure, the result is practically the same when a judgment is modified on appeal as when it is affirmed upon a condition which is performed, except as to the right to tax the costs of appeal. But, as pointed out in the cases first cited herein, there is a material difference in the legal effect of the two forms of judgment. Where it is modified, this Court renders the final judgment, or directs how it shall be rendered, and ends the litigation. But where it affirms a judgment upon a condition, it is optional with the party of whom the condition is required whether he will perform it, or decline it, and continue the litigation. Now, in this case, if plaintiff had declined to remit the penalty, then the judgment would have been reversed, and appellant would have been the prevailing party on the appeal; but, as the penalty was remitted, the judgment was affirmed, and the respondent was the prevailing party, and, therefore, entitled to tax the costs of the appeal.

We see nothing in this construction of our statutes regulating the costs that denies to the appellant in this case, or, indeed, to any litigant, the equal protection of the laws, or deprives any one of his property without due process of law. The same rule is applied to all litigants similarly situated.

We do not think the contention of appellant that the State Courts have no jurisdiction of an action to recover an overcharge on an interstate shipment of freight, where no question of the reasonableness of the rate is involved, is properly before the Court in this case. But, if it were, it is unsound. *Hardaway* v. *Railway,* 90 S. C. 475; 73 S. E. 1020.

Judgment affirmed.

MR. CHIEF JUSTICE GARY and MR. JUSTICE WATTS concur in the opinion of the Court.

MR. JUSTICE FRASER, *dissenting.* It seems to me that the judgment should be reversed. It seems to me that the statute requires it. It is also in accord with the justice of the case. The appellant was forced into this Court to be relieved of an unlawful judgment. The appellant prevailed upon the only question passed upon, and the reduction was more than $10.

MR. JUSTICE GAGE did not participate in this case.