## 9846

### PATES & ALLEN CO. v. BANK OF NORRIS.

### (94 S. E. 880.)

COSTS—ON APPEAL—MODIFICATION.—Appellant is entitled to costs as the prevailing party, where he secures a modification of the judgment by elimination of a part as to alternative relief, as not within the Judge's jurisdiction at chambers.

Before MOORE, J., Pickens, Fall term, 1916.

From taxation of costs, defendant appeals.

*Messrs. Shelor & Hughes,* for appellant, cite: 41 S. C. 208; 79 S. C. 388; 22 S. C. 313; 104 S. C. 391; 93 S. C. 317.

*Mr. J. J. McSwain,* for respondent. No copy of argument furnished Reporter.

January 7, 1918.

The opinion of the Court was delivered by MR. CHIEF JUSTICE GARY.

This is an appeal from the taxation of costs.

There was a former appeal in this case, and the judgment of the Supreme Court was as follows:

"It is the judgment of this Court that the judgment of the Circuit Court be modified in the particular hereinbefore mentioned, and that in all other respects it be affirmed."

The first appeal herein arose out of an order made by his Honor, the Circuit Judge, at chambers, in which he ruled

that under a decree theretofore rendered the Bank of Norris was entitled to the mule in dispute or $200 value thereof. On appeal this Court held that while the Circuit Judge had jurisdiction at chambers to issue process for the purpose of carrying into effect the judgment that had been rendered, and that his order to the effect that the mule be delivered to the Bank of Norris should be affirmed, nevertheless, that he did not have jurisdiction at chambers to render judgment for the value of the mule, in case it could not be delivered, for the reason that a judgment cannot be rendered at chambers.    104 S. C. 390, 89 S. E. 356.

When the case was remanded to the Circuit Court, the question arose as to who was entitled to costs, and his Honor, the Circuit Judge, held that the plaintiffs were the prevailing party, and, therefore, entitled to costs.    The appeal assigns error in that ruling.    The following cases sustain the ruling of his Honor, the Circuit Judge: *Burnett v. Senn,* 93 S. C. 316, 76 S. E. 820; *Galloway v. Tel. Co.,* 105 S. C. 125, 89 S. E. 638; *Brown v. Kalb,* 105 S. C. 217, 78 S. E. 894; *Spence v. Railway,* 106 S. C. 169, 90 S. E. 750.

In the last mentioned case the rule is thus stated:

"The result is practically the same when a judgment is modified on appeal as when it is affirmed upon a condition which is performed, except as to the right to tax the costs of appeal.    But * * * there is a material difference in the legal effect of the two forms of judgment.    Where it is modified, the Court renders the final judgment, or directs how it shall be rendered, and ends the litigation.    But where it affirms a judgment upon a condition, it is optional with the party of whom the condition is required whether he will perform it, or decline it, and continue the litigation."

Appeal dismissed.