10212

HUGUENIN v. ADAMS ET AL.

(99 S. E. 702.)

1. APPEAL AND ERROR — CONSTRUCTION OF MANDATE — MODIFICATION OF DECREE.—Where in action to set aside a deed and for an accounting trial Court decided against plaintiff on both issues and ordered him to pay costs, but Supreme Court on appeal modified decision so as to render judgment for plaintiff as to the accounting, the modification had the effect of leaving open the question of costs.

2. APPEAL AND ERROR — ERRONEOUS REASONS FOR RULING — HARMLESS ERROR.—Though Judge of lower Court in carrying out modification of decree in accordance with opinion of Supreme Court erred in holding that decree as to costs was not reversed by Supreme Court, the error is without prejudice, where it appears upon the face of his decree that in his judgment the costs should be adjudged against plaintiff as they were by the decree modified.

Before TOWNSEND, J., Richland, Summer term, 1918. Affirmed.

Action by Mary Huguenin and others against Julius H. Adams and another. From a ruling as to costs, plaintiff appeals.

*Messrs. Halcott P. Green* and *F. G. Tompkins,* for appellants, submit: *Costs in chancery cases follow the event of the action, unless otherwise ordered by the Court, and this cause finally resulting in a judgment against the defendant, Adams, costs against him should also follow:* Code of Civil Proced-

ure, sec. 361 ; 84 S. C. 461; 81 S. C. 315; 26 S. C. 324; 23
S. C. 126 ;.18 S. C. 555, 559.    *Judge Townsend, not·having
been the trial Judge, was without authority to adjudge the
costs, which must, therefore, follow the termination of the
action, and be awarded to the plaintiff against the defend-
ant:* 26 S. C. 321.    *While on appeal in an equity case the
Supreme Court may direct the costs to be paid by either
party:* 103 S. C. 300.    *That Court having failed to make
any order as to costs, they should be taxed against the
defendant, Adams:* 18 S. C. 555; 105 S. C. 125.

*Messrs. Benet, Shand & McGowan,* for respondent, sub-
mit : *This being a chancery case, Judge DeVore had the right
to charge the costs against such party as he saw fit, irrespec-
tive of the termination of the action and the prevailing party:*
Civil Code, vol. I, sec. 2204.    *Plaintiffs only succeeded in
modifying the decree of Judge DeVore, and cannot be said
to be the prevailing parties in the whole case, and, therefore,
entitled to costs:* 47 S. C. 163; 13 S. C. Equity (Dudley)
236, 237; 21 S. C. Eq. 96.

June 23, 1919.

The opinion of the Court was delivered by Mr. Chief
Justice Gary.

The record contains the following statement :

"The sole question raised by this appeal is whether the
plaintiffs should be liable for the costs upon the trial of the
cause upon Circuit.

"The decision of the Supreme Court on the former appeal
upon the merits of the controversy (filed September 16,
1918 [96 S. E. 918] ) contains no ruling upon the matter of
costs, but the Circuit Court, Judge Townsend presiding, in
formulating the final decree carrying into effect the modifi-
cations of the Circuit decree made by the decision of the
Supreme Court, adjudged, over the objection and protest of
the plaintiffs, that the provision of the decree of Judge
DeVore as to the costs of the action is still of force, notwith-

standing the modifications of that decree by the Supreme Court resulting in judgment against the defendant upon the accounting, instead of judgment in favor of defendant and against the plaintiffs as awarded by that decree, the Supreme Court having sustained the decree of Judge DeVore as to the validity of the deed in controversy."

The provisions of the decree of his Honor, Judge Townsend, carrying out the modifications of his Honor, Judge DeVore's decree, in accordance with the decision of the Supreme Court applicable to the opinion involved, are as follows:

"The plaintiff's action sought: (1) To set aside a certain deed executed by Mrs. Huguenin to the defendant, Julius H. Adams; and (2) an accounting by Julius H. Adams, as agent for Mrs. Huguenin. On the trial before Judge DeVore he decided both these claims against plaintiff, and ordered her to pay the costs of the action. On appeal there was no exception to the direction as to the payment of costs, but the decisions of the Circuit Court, both as to the validity of the deed and the balance on the accounting, was questioned. The Supreme Court affirmed the decision of the Circuit Court with reference to the validity of the deed, but modified the decision as to the accounting, so as to render thereon a judgment in favor of the plaintiff instead of against her. There is no doubt that the plaintiff is entitled to recover the costs of the appeal from the defendant, Julius H. Adams. *Sullivan v. Latimer,* 43 S. C. 262 (21 S. E. 3) ; *Brown & Parler v. Kolb,* 95 S. C. 217 (78 S. E. 894). Inasmuch as the plaintiff made two distinct claims by his complaint, one of which has been finally decided against her, and the other in her favor, it cannot be said unqualifiedly that she is the prevailing party. *Muse v. Peay,* Dudley Eq. 236, 237. The act as to costs does not contemplate that the defendants should pay the expense of litigating a claim, which he has successfully resisted. I, therefore, conclude that the decision of the Supreme Court in this case does not reverse the

direction of Judge DeVore as to the payment of the costs in this action, and that the costs of the action other than the costs of the appeal should be taxed against and paid by the plaintiff. The plaintiff should recover, therefore, of the defendant the sum of $9,094.98, together with the costs on the appeal to be taxed by the clerk; but the costs on Circuit are to be paid by the plaintiff, after they shall have been taxed by the clerk, and should be offset or deducted from the amount above found to be due."

The plaintiffs appealed from the ruling of his Honor, Judge Townsend, on the ground that he erred in holding that the decision of the Supreme Court in this case did not reverse the ruling of his Honor, Judge DeVore, as to the payment of the costs of this action, and that the costs of appeal should be taxed against and paid by the plaintiffs.

It is true that the modification of his Honor, Judge DeVore's, decree by the Supreme Court necessarily had the effect of leaving open the question as to the payment of the costs, for the reason that a material modification of a decree may show that the costs should be taxed in favor of a party against whom they had been adjudged before the decree was modified. And it is also true that his Honor, Judge Townsend, ruled that the decree of his Honor, Judge DeVore, as to costs was not reversed by the Supreme Court, as to which he was in error. Nevertheless it was not prejudicial, for the reason that it appears upon the face of his decree that in his judgment the costs in question should be adjudged as a matter of justice and equity against the plaintiff.

Appeal dismissed.