## 10465

### FRANKS v. ROSS.

### (103 S. E. 518.)

COSTS—DEFENDANT SECURING MODIFICATION OF JUDGMENT HELD PREVAILING PARTY ENTITLED TO COSTS.—Where in an action before a magistrate a judgment against defendant for $75 and costs was entered, and on appeal to the Circuit Court the judgment was affirmed, but on defendant's appeal to the Supreme Court the judgment of the Circuit Court was modified, with directions to allow judgment for $28.50, defendant was the prevailing party, and entitled to have the Supreme Court costs taxed in his favor.

Before MEMMINGER, J., Laurens, November, 1919. Reversed.

Action by John A. Franks against W. G. Ross. From order taxing costs against the defendant on the former appeal of this case (112 S. C. 163), the defendant appeals.

*Mr. F. P. McGowan,* for appellant, cites: *Costs are recoverable as the action may terminate:* 1 Civ. Code, sec. 4204; 61 S. C. 75. *Costs on appeal go to the prevailing party, and the party who causes the modification or reduction of the judgment is the prevailing party:* 25 S. C. 246; 45 S. C. 4; 13 S. C. 398; Rule XL, Sup. Ct.; 43 S. C. 262; 36 S. C. 554; 95 S. C. 218; 108 S. C. 429. *Where judgment is affirmed on a condition to be performed and such condition is performed, costs of appeal are taxable by respondent:* 79 S. C. 388; 106 S. C. 170; 93 S. C. 316; 105 S. C. 125; 95 S. C. 217; 108 S. C. 430.

*Messrs. Featherstone & Knight,* for respondents, cite: *In a law case, judgment on appeal, affirming judgment below, even though reducing the amount thereof, is an affirmance for the purpose of taxing appeal costs:* 79 S. C. 388; 22 S. C. 313; 41 S. C. 206.

June 28, 1920.

The opinion of the Court was delivered by MR. CHIEF JUSTICE GARY.

This is an appeal from an order relative to the taxation of costs. The action was commenced before a magistrate, who rendered judgment against the defendant for the sum of $75 and costs. On appeal to the Circuit Court, the judgment rendered by the magistrate was affirmed; whereupon the defendant appealed to this Court, which rendered the following judgment:

"The judgment of the Circuit Court is modified, with directions to allow judgment for $28.50 the estimated value of the acid."

The clerk of the Circuit Court taxed the Supreme Court costs against the plaintiff, amounting to $54, and he appealed to the Circuit Court, whereupon his Honor, the Circuit Judge, reversed the ruling of the clerk of the Court, with directions to tax said costs for the plaintiff. The defendant appealed from said order to this Court.

The following cases fully sustain the proposition that the defendant was the prevailing party, and is entitled to have the Supreme Court costs taxed in his favor: *Huff v. Watkins,* 25 S. C. 246; *Sullivan v. Latimer,* 43 S. C. 262, 21 S. E. 3; *Spence v. Railway,* 106 S. C. 169, 90 S. E. 750; *Pates & Allen Co. v. Bank,* 108 S. C. 429, 94 S. E. 880.

In *Spence v. Railway,* 106 S. C. 169, 90 S. E. 750, the rule where there is a modification is thus stated:

"The result is practically the same when a judgment is modified on appeal as when it is affirmed on a condition * * * performed, except as to the right to tax the costs of appeal. But, as pointed out in the cases first cited herein, there is a material difference in the legal effect of the two forms of judgment. Where it is modified, the Court renders the final judgment, or directs it shall be rendered, and ends the litigation. But where it affirms a judgment upon a condition, it is optional with the party of whom the condition is required whether he will perform it, or decline it, and continue the litigation."

This language is quoted with approval in *Pates & Allen v. Bank,* 108 S. C. 429, 94 S. E. 880.

This Court used the word "modified" advisedly. If it had granted a new trial *nisi,* and the plaintiff had remitted all except $28.50 of the judgment, the costs of the Supreme Court would have been cast upon the defendant, and he would be compelled to pay a larger sum by way of costs than he saved by his appeal. The form of the judgment was intended to prevent such injustice.

The plaintiff's attorney, however, contends that the plaintiff is the prevailing party, and entitled to costs under the case of *Salley v. Railway,* 79 S. C. 388, 60 S. E. 938. The facts in that case were as follows:

"The plaintiff had recovered judgment against defendant before a magistrate for $2 damages and $40 statutory penalty for delay in transportation of freight, and this judgment was affirmed by the Circuit Court. On appeal to this Court (76 S. C. 173) it was held that Sunday was not to be included in the days for which penalty is allowed, and the Court rendered judgment 'that the judgment of the Circuit Court be affirmed with the reduction of $5, the overcharge on the amount found as penalty.' "

The Court there said:

"The question presented is: Which party is entitled to the costs as prevailing party? This is a case at law, and the Court can only affirm or reverse, and has no power to modify as in equity cases. *Horsford v. Wynn,* 22 S. C. 313. The judgment of this Court, therefore, in terms and in legal effect, was substantially a judgment of affirmance."

The confusion in that case arises from the words: "This is a case at law, and the Court can only affirm or reverse, and has no power to modify as in equity cases."

In the case of *Burgess v. Crumpton,* 93 S. C. 562, 77 S. E. 356, it was held that "This Court can only review the orders of the Circuit Courts with regard to the taxation of the costs * * * incident to appeals," and "has no original jurisdiction of the matter."

Therefore, it is immaterial whether the case was in equity or at law. The words which we have quoted are not authoritative, as they were not necessary to the conclusion therein announced, the Court having also stated that "the judgment in terms and in legal effect was substantially a judgment of affirmance."

Reversed.