STEPP v. NATIONAL &c. ASSOCIATION.

LOEB v. MANN.

1. COSTS OF APPEAL—PREVAILING PARTY.—Defendant appealed on several grounds from a judgment against him, and the grounds which affected the judgment in its entirety were not sustained, but one of the grounds, affecting a portion of the recovery, was sustained, and the judgment of the Appeal Court was, that the judgment of the Circuit Court be reversed, unless plaintiff enter a *remittitur* for the amount of the error, but if such *remittitur* be entered, that the judgment be affirmed. *Held*, that such *remittitur* having been entered, the judgment stood affirmed, and plaintiff, as the prevailing party, was entitled to the costs of appeal.

Before IZLAR, J., Greenville, April, 1893, and WALLACE, J., Abbeville, September, 1893.

These were two separate cases, but as they both involved the same point, the appeal in both cases was disposed of in one opinion.

In the case of Stepp *v.* National Life and Maturity Association of Washington, D. C., 37 S. C., 417, defendant appealed from a judgment against him for $2,156.26 on numerous grounds, all of which were overruled, except one involving an error of $64.51, which was sustained. In the case of Loeb *v.* Mann, 39 S. C., 465, defendant appealed on three grounds from a judgment entered on a verdict against him for the personal property in dispute, worth $223.40, and for $50 damages. Defendant appealed on three grounds, only one of which, that relating to the $50 damages, was sustained.

*Mr. Isaac M. Bryan,* for appellant in the Stepp case.

*Messrs. Benet, McCullough & Parker,* contra.

*Messrs. Graydon & Graydon,* for appellant in the Loeb case.

*Messrs. Parker & McGowan,* contra.

April 4, 1894.   The opinion of the court was delivered by

MR. CHIEF JUSTICE MCIVER. These two cases, involving the same point, were heard and will be considered together, although when heard on Circuit by two different Circuit Judges, they reached different conclusions upon the question presented by this appeal. In both of these cases, when heard on the original appeals, this court rendered judgment that the judgment of the Circuit Court be reversed unless the respondents therein would, within a prescribed time, enter upon the record a remittitur of a specified amount of money, in which event the judgments be affirmed. In both instances the remittiturs were duly entered, and the only question now presented is, which of the parties are entitled to the costs of the original appeals. In the case first named, his honor, Judge Izlar, held that the plaintiff was entitled to the costs of the original appeal, while in the other case his honor, Judge Wallace, held that the defendant was entitled to such costs.

In the case of *Huff* v. *Watkins,* 25 S. C., 243, it was held, that the defendant having succeeded in reversing the judgment appealed from was entitled to the appeal costs, and

the same doctrine practically was held in *Cleveland* v. *Cohrs*, 13 S. C., 397, and in *Sease* v. *Dobson*, 36 *Id.*, 554. But in none of these cases did the question arise which is presented here. Following these cases, the test would seem to be as to the right of the appellant to appeal costs, whether he has succeeded in reversing the judgment appealed from. Now, in the cases at present under consideration, it is very clear that the appellants did not succeed in reversing the judgments appealed from. On the contrary, these judgments now stand affirmed, though reduced in amount by the voluntary act of the plaintiffs themselves; for it is very obvious that this court had no power to *require* the plaintiffs to abate the amount of their recovery. All that this court could do, and all that it undertook to do, was to declare that the judgments should be reversed, *upon a certain contingency*, which never happened, and cannot now ever happen. It is very clear, therefore, that the judgments never were reversed, but, on the contrary, were distinctly affirmed, so soon as the plaintiffs complied with the conditions offered them by this court. The case of *Murray* v. *Aiken &c. Company*, 39 S. C., 457, which has been cited by the counsel in both of the cases, who contend for the right of the original appellants to the costs of the appeal, is, it seems to us, rather against than in favor of their contention. In that case the controversy was between two defendants, the bank and the security company, and though the bank failed to establish the whole of its claim against the security company, it was, nevertheless, held entitled to the appeal costs. So here, although the plaintiffs failed to maintain the whole amount of their recovery, they would, nevertheless, be entitled to costs. We must say, however, that we do not regard that case as in point here.

It was earnestly urged by the counsel for the defendant,[1] in the argument here, that the only real controversy in the original appeal was as to the right of the plaintiffs to recover damages, and that the defendant having succeeded in satisfying this court upon that point, should be properly regarded as the

[1] In the case of Loeb *v.* Mann.—REPORTER.

prevailing party, and, therefore, entitled to the costs of that appeal. Upon recurring, however, to the record of the former appeal, we find that the defendant appealed upon three grounds, all of which were discussed in the printed argument of counsel for appellant, and only one of which related to the matter of damages. It is very manifest that if either of the other two grounds were maintainable, the appellant would have been entitled to a new trial absolute, and not merely to a new trial *nisi.* And, furthermore, we find that the argument then made concluded in these words: "We think we are entitled to a new trial *ab initio,* and in any event to a new trial *nisi,* viz: unless the plaintiff remit the $50 damages." So that we do not think that the defendant can properly be regarded as being the prevailing party.

The judgment of this court is, that the judgment of the Circuit Court in the case first named in the title of this opinion be affirmed; and that the judgment of the Circuit Court in the case named second in said title be reversed.