YOUNG v. COHEN.

1. Costs of Appeal—Prevailing Party.—Where, on appeal, a new trial is granted, unless the respondent (plaintiff) enter a remittitur for a sum stated, but if such remittitur be entered, that then the Circuit judgment so reduced be affirmed, the respondent, on entering the remittitur, becomes the prevailing party on that appeal, and, therefore, entitled to the costs of appeal, even though the amount remitted was the only error complained of by appellant, and its correction was resisted by respondent.

Before ALDRICH, J., Union, March, 1895.

Action by John L. Young against Philip M. Cohen.   See 42 S. C., 328.

*Messrs. Munro & Munro* and *R. W. Shand,* for appellant.

*Messrs. Hydrick & Sawyer,* contra.

July 10, 1895.   The opinion of the court was delivered by

MR. JUSTICE POPE.   This cause was before us on appeal at the April term, 1894.   Our judgment was rendered on 12th September, 1894.   42 S. C., 328.   The contention by the defendant there was, that he should be awarded a new trial because, by the ruling of the Circuit Court adverse to his contention, he had been charged $139.75 too much, which was included in plaintiff's judgment against him.   This court agreed with the defendant, and adjudged that the defendant should have a new trial unless the plaintiff entered a remittitur of $139.75 upon his judgment against the defendant; but adjudged further, that if such remittitur were so entered by plaintiff, plaintiff's judgment should be affirmed.   The present contest arises as to the costs of such appeal.   The Circuit Judge decided that the plaintiff was entitled to be regarded as the prevailing party, and, accordingly, adjudged the costs, which had been taxed to such plaintiff.   From this judgment, which was rendered by Judge Aldrich at the spring term, 1895, of the Court of Common Pleas for Union County, the defendant now appeals.   The grounds of appeal are three in number, but only present the alleged error in different phases.

So now the question presented to this court is this: When an appeal is taken from a judgment by the party against whom the judgment is rendered and a new trial is demanded by such appellant, and this court adjudges that a new trial shall be awarded *unless the plaintiff remits a part of his judgment;* but further, adjudges that in case the holder does remit, his judgment so reduced shall be affirmed, who is the prevailing party in such a judgment so as to be entitled to costs?   This question has been before this court before, to wit: in the cases of *Stepp* v. *National &c. Association* and *Loeb* v. *Mann* (heard together), 41 S. C., 206. There Chief Justice McIver, as the organ of the court, amongst

other things, said: "Now, in the cases at present under consideration, it is very clear that appellants did not succeed in reversing the judgments appealed from. On the contrary, these judgments now stand affirmed, though reduced in amount by the voluntary act of the plaintiffs themselves; for it is very obvious that this court had no power to *require* the plaintiffs to abate the amount of their recovery. All that this court could do, and all that it undertook to do, was to declare that the judgments should be reversed *upon a certain contingency*, which never happened and cannot now ever happen. It is very clear, therefore, that the judgments never were reversed, but, on the contrary, were distinctly affirmed so soon as the plaintiff complied with the conditions offered them by this court." The court adjudged the costs to the plaintiff in those cases. These cases so decided rule the present appeal, and this appeal must be dismissed.

It is the judgment of this court, that the judgment of the Circuit Court be affirmed.