### SALLEY v. SEABOARD AIR LINE RY.

1. RAILROAD—FREIGHT.—If a railway company issue a bill of lading marked "prompt shipment required," it will be held to have assumed responsibility for delay of a connecting carrier over whose line it was to receive the freight.

2. IBID.—FREIGHT—PENALTY.—Under act of 1904, providing a penalty for failure to deliver freight in certain number of hours when notified that prompt shipment is required, Sunday is not to be included in the days for which the penalty is allowed, as freight trains are prohibited by law from being run on Sunday in this State. But this rule of computation does not apply to service of papers.

3. IBID.—IBID.—DAMAGES from failure to deliver freight promptly arises in the usual course of shipment, and cannot be classed as special damages which must be alleged.

Before KLUGH, J., Richland, July, 1906. Modified.

Action by J. I. Sally against Seaboard Air Line Railway in court of magistrate Moorman. From Circuit judgment affirming magistrate judgment, defendant appeals.

The defendant issued its bill of lading before it received the goods. They were delivered to Southern Railway, and by it to defendant.

*Messrs. Wm. H. Lyles* and *E. L. Craig*, for appellant. The latter cites: *The act must be strictly construed:* 73 S. C., 37; 26 S. C., 294; 26 Ency., 658. *What would bar a recovery at common law for failure to ship within a reasonable time must be accepted as "good and sufficient cause" for failure to ship under the statute,* 73 S. C., 14; 5 Ency., 168. *Damages proved are special damages and cannot be recovered under the allegations:* 71 S. C., 212; 73 S. C., 264; 74 S. C., 286.

*Messrs. DePass & DePass* and *Jas. H. Fowles,* contra, cite: *The Southern is the agent of the defendant, and plaintiff must look to the road which issued the bill of lading:* 6 Ency., 631; 106 N. Y., 206; 49 How. Prac., 84. *As to including Sunday in the computation:* 28 Ency., 222; 4 Cush., 243. *Whether delivery had been made at the time the railway complained of the loading has been settled against respondents:* 42 Tex., 467; 40 O. St., 166. *Liability attached at time of delivery of goods:* 122 U. S., 79; 5 Ency., 180. *Sudden and unusual press of business is not "good and sufficient cause," under the facts here:* 5 Ency., 256; 4 McCrary, 405; 13 Fed. R., 330; 73 S. C., 14; 5 Ency., 254; 74 Mo., 364, and A. & E. R. Cas., 382. *Finding by magistrate will not be disturbed unless without testimony to support it:* 59 S. C., 277; 50 S. C., 110; 43 S. C., 3; 30 S. C., 172, 612; 26 S. C., 296.

February 27, 1907. The opinion of the Court was delivered by

MR. JUSTICE WOODS. This action was brought in the Court of magistrate Moorman to recover fifty dollars alleged to be due as damages and statutory penalty for delay in transportation of fertilizers shipped over defendant's rail-

road from Columbia, S. C., by Southern Oil Company to the defendant at Woodford, S. C., on March the 24th, 1906, and not delivered until April the 5th, 1906. The answer was a general denial. The judgment for forty dollars penalty and two dollars damages was affirmed by the Circuit Court.

The statute under which the penalty was claimed provides: "Be it enacted by the General Assembly of the State of South Carolina, That from and after May 15th, 1904, all railroad companies doing business in this State shall transport to its destination all freight received by them for transportation within this State within a reasonable time after receipt thereof, not exceeding the following times after midnight of the day of receipt thereof, to wit: Between points not over one hundred miles apart, seventy-two hours; between points over one hundred and not over two hundred miles apart, ninety-six hours, and between points over two hundred miles apart, one hundred and twenty hours. The nearest route by railroad shall be taken in each case as the distance between the points: *Provided,* That notice be given to the receiving company that prompt shipment of such freight is required, and when requested, such company shall insert in the bill of lading the words, 'prompt shipment required,' which shall be conclusive evidence of such notice, and each company shall extend such notice to its connecting line or be liable for the consequences of its failure to do so.

"That any such company failing to comply with the provisions of this act, except for good and sufficient cause, the burden of proof of which shall be on the company so failing, shall be subject, in addition to the liabilities and remedies now existing for unreasonable delay in the transportation of freight, to a penalty of five dollars per day for every day of delay in excess of the time hereinbefore limited, to be recovered by any consignee, who may be injured in any way by such delay, or by the owner or the holder of the bill of lading, in any court of competent jurisdiction." * * *

The bill of lading issued by defendant on March the 24th, 1906, contained the words, "prompt shipment required," and the plaintiff testified the fertilizer was not delivered until April the 5th, 1906. The defendant undertook to show "good and sufficient cause" for the delay by evidence that the delay occurred on the Southern Railway Company's tracks after the bill of lading had been issued. With full knowledge of the facts, the defendant chose to issue its bill of lading before the actual receipt of the goods, and it must be held to have voluntarily assumed responsibility for them; the railroad company which had actual custody being as between the defendant and the consignee nothing more than the agent of the defendant.

Whether the congestion of cars on the track of the Southern Railway Company and the alleged necessity of transferring the fertilizers to another car were "good and sufficient cause" for the delay, was a question of fact decided by the magistrate and the Circuit Judge and, hence, not subject to review by this Court.

The bill of lading was issued on Saturday, and the defendant contended the magistrate should have at least omitted Sunday in his computation of the seventy-two hours allowed for the shipment to reach its destination, and should have allowed judgment for seven days penalty instead of eight days. It is true, the statute does not expressly provide Sunday shall be excluded in the computation of the seventy-two hours, but its exclusion is strongly implied. The general rule laid down in this country is, that where an act is required to be done in a certain number of days exceeding a week, Sunday is not excluded in the computation; but if the number of days is less than seven, Sunday is not counted. *State* v. *Michel*, 78 Am. St. Rep., note 379; 28 Am. & Eng. Ency., 223. It has been held, however, that Sunday must always be counted when the time is prescribed by statute. In this case the time prescribed relates to the conveyance and delivery of

freight, and except for special trains not necessary to mention here, the running of freight trains on Sunday is prohibited. Again, it is significant the statute requires the time to be measured by hours instead of by days, and it seems fair to interpret the meaning to be working hours, hours in which railroad companies may operate their trains and deliver freight. The Sunday after the shipment should not have been counted in as a part of the seventy-two hours and therefore the penalty for one day should be deducted from the judgment.

This conclusion, it may be well to say, has no application to the provisions of the Code of Procedure as to the time therein allowed for serving papers, etc., for the obvious reason that the provision of section 407, "if the last day be Sunday it shall be excluded," clearly implies if Sunday is not the last day, it shall be included in the computation.

Without going into any close analysis of the evidence, it sufficiently appears there was some evidence of damage to the plaintiff in the usual course of business which the defendant had every reason to have in contemplation when the bill of lading was issued; and it is not necessary to refer the finding of two dollars damages to any special items not to be anticipated by the defendant.

The judgment of this Court, is, that the judgment of the Circuit Court be affirmed with the reduction of five dollars, the over charge in the amount found as penalty.