## 6813

### SALLEY v. SEABOARD AIR LINE RY.

Costs.—In a law case, judgment on appeal affirming judgment below except in amount, is an affirmance for purpose of taxing costs of this Court.

Before PRINCE, J., Richland.     Affirmed.

Action by J. I. Salley against Seaboard Air Line Railway. From judgment on Circuit affirming clerk's taxation of costs, defendant appeals.

*Messrs. Lyles & McMahan,* for appellants, cite: Code, 1902, Chap. CIII; 25 S. C., 245; 45 S. C., 5; 47 S. C., 163; 43 S. C., 262; 5 Ency. P. & P., 202; 11 Cyc., 212; 41 S. C., 206; 44 S. C., 377.

*Messrs. DePass & DePass* and *Jas. H. Fowles, Jr.,* contra, cite: 22 S. C., 313; 13 S. C., 397; 25 S. C., 243; 44 S. C., 5; 47 S. C., 163; 43 S. C., 262; 11 Cyc., 214; 44 S. C., 376; 41 S. C., 206; 46 Ga., 454; 36 S. C., 554; Code of Proc., 373.

March 20, 1908.     The opinion of the Court was delivered by

MR. JUSTICE JONES.  This is an appeal from a judgment of the Circuit Court affirming taxation of Supreme Court costs by the clerk in favor of plaintiff in the above entitled case.

The plaintiff had recovered judgment against defendant before a magistrate for two dollars damages and forty dollars statutory penalty for delay in transportation of freight, and this judgment was affirmed by the Circuit Court.  On appeal to this Court (76 S. C., 173), it was held that Sunday was not to be included in the days for which penalty is allowed, and the Court rendered judgment "that the judg-

ment of the Circuit Court be affirmed with the reduction of five dollars, the overcharge on the amount found as penalty."

Each side claiming to be the "prevailing party" gave notice of taxation of Supreme Court costs before the clerk, with the result as stated.

The question presented is, Which party is entitled to the costs as prevailing party? This is a case at law and the Court can only affirm or reverse, and has no power to modify as in equity cases. *Hosford* v. *Wynn,* 22 S. C., 313. The judgment of this Court, therefore, in terms and in legal effect was substantially a judgment of affirmance. Of course, it can not be said that defendant prevailed in reversing the judgment. Where the case is one in equity and the appellant succeeds in substantially modifying the decree, costs may be allowed him as prevailing party. *Sullivan* v. *Latimer,* 43 S. C., 262, 21 S. E. 3.

The judgment in this case, if it is not to be strictly construed as an affirmance of the judgment appealed from, bears analogy to cases at law in which a new trial *nisi* has been granted, but judgment to stand affirmed upon remitting the amount designated by the Court, in which case, if the remittance is made and judgment stands affirmed for the reduced amount, the party whose judgment stands affirmed is the prevailing party and entitled to costs of appeal. *Stepp* v. *Association,* 41 S. C., 206, 19 S. E., 490 ; *Young* v. *Cohen,* 44 S. C., 376, 22 S. E., 409.

The judgment of the Circuit Court is affirmed.