## 9464

## GALLOWAY v. WESTERN UNION TELEGRAPH CO.

### (89 S. E. 638.)

COSTS—APPEAL—PREVAILING PARTY.—Where a judgment was affirmed as to actual damages, but reversed as to punitive damages for lack of supporting evidence, *held* that the appealing defendant, as the prevailing party, was entitled to tax the costs of the appeal.

FOOTNOTE.—As to who is the prevailing party on appeal for the purpose of determining liability to costs, see *Burnett* v. *Johnson,* 93 S. C. 316, 76 S. E. 820.

Before BOWMAN, J., Darlington, August, 1915. Affirmed.

Action by J. R. Galloway against the Western Union Telegraph Company. From an order taxing on remand the costs of a previous appeal (101 S. C. 159, 85 S. E. 309) against plaintiff, he appeals.

*Messrs. Miller & Lawson,* for appellant, cite: Code Civ. Proc., secs. 361, 365, 424; 11 Cyc. 28; 7 R. C. L. 783; 36 L. R. A. (N. S.) 626; 165 App. Div. N. Y. 826; 155 S. W. 328; 129 La. 825; 143 Ky. 480; 129 S. W. 376; 141 Mo. App. 637; 134 App. Div. N. Y. 58; 120 S. W. 1088; 187 Mass. 421; 89 S. W. 729; 33 App. Div. N. Y. 136; 25 S. C. 243; 45 S. C. 4; 41 S. C. 206; 44 S. C. 376; 22 S. C. 309; 43 S. C. 262; 79 S. C. 388; 47 S. C. 150.

*Messrs. Willcox & Willcox* and *S. M. Wetmore,* for respondent, cite: *As to who is prevailing party:* 53 Mo. 328; 39 S. C. 463; 43 S. C. 262; 47 S. C. 163; 45 S. C. 4; 45 Vt. 531; 133 Mass. 587; 79 S. C. 389; 41 S. C. 206.

July 15, 1916.

The opinion of the Court was delivered by MR. CHIEF JUSTICE GARY.

This is an appeal from a taxation of costs. The action was for damages, alleged to have been sustained by the plaintiff, through the wilful and negligent acts of the defendant in failing to deliver a telegram. The jury rendered a verdict in favor of the plaintiff for $100 actual damages and $100 punitive damages. On appeal to this Court by the defendant, the judgment of the Circuit Court as to punitive damages was reversed, but as to actual damages it was affirmed. 101 S. C. 159, 85 S. E. 309. The present appeal is from an order of the Circuit Court, which decided that the defendant is entitled to the costs arising out of the appeal to the Supreme Court, on the ground that it was the prevailing party.

The appellant's attorneys contend that the case of *Salley* v. *Railway,* 79 S. C. 388, 60 S. E. 938, is conclusive of the question under consideration. The Court thus states the facts, and its ruling thereon:

"The plaintiff has recovered judgment against defendant, before a magistrate, for $2 damages and $40 statutory penalty for delay in transportation of freight, and this judgment was affirmed by the Circuit Court. On appeal to this Court, it was held that Sunday was not to be included in the days for which penalty is allowed, and the Court rendered judgment 'that the judgment of the Circuit Court be affirmed, with a reduction of $5, the overcharge on the amount found as penalty.' The question presented is, Which party is entitled to the costs as prevailing party? This is a case at law, and the Court can only affirm or reverse, and has no power to modify as in equity cases. The judgment of this Court, therefore, in terms and in legal effect was substantially a judgment of affirmance. Of course, it cannot be said that the defendant prevailed in reversing the judgment. * * * The judgment in this case, if it is not to be strictly construed as an affirmance of the judgment appealed from, bears analogy to cases at law in

which a new trial *nisi* has been granted, but judgment to stand affirmed, upon remitting the amount designated by the Court, in which case, if the remittance is made and judgment stands affirmed for the reduced amount, the party whose judgment stands affirmed is the prevailing party, and entitled to costs of appeal."

In the case just mentioned, the error merely related to the amount of the verdict, and the Court could calculate with mathematical certainty the extent to which it should be reduced; furthermore, the judgment of the Circuit Court was affirmed. In the present case, however, the error was not based upon the amount of the verdict for punitive damages, but upon the ground that there was no testimony whatever tending to sustain it. In other words, the error was fundamental; and the judgment, in so far as it was founded upon punitive damages, was reversed.

Judgment affirmed.

MR. JUSTICE GAGE, being disqualified, did not participate in the consideration of this case.