### 11852

### FARR v. SPROUSE

(130 S. E., 210)

1. VENDOR AND PURCHASER—PURCHASER HELD LIABLE FOR CONTRACT PRICE OF 2-ACRE TRACT, THOUGH LARGER TRACT INCLUDING SUCH 2 ACRES LATER PURCHASED AT AUCTION SALE.—Where purchaser of 2-acre tract of land, unable to get title beacuse of mortgagee's refusal to release, nevertheless refused to let vendor rescind, and went into possession, but later purchased larger tract, including the 2 acres, at auction sale, where it was sold without exception, he was bound to pay for the 2 acres price fixed in original purchase, but entitled to credit thereon of proportional part of purchase price of whole tract bid at auction.

2. VENDOR AND PURCHASER—POSSESSION UNDER PAROL AGREEMENT NOTICE OF PURCHASER'S RIGHT.—Possession of purchaser under parol agreement is notice of his right, nor is such rule changed by Civ. Code 1922, § 5312, as re-enacted and amended by Act April 14, 1925 (34 St. at Large, p. 85).

3. EVIDENCE—RECITATION OF CONSIDERATION IN DEED DOES NOT ESTOP SELLER FROM SHOWING OTHER AND FURTHER CONSIDERATION.—Recitation of consideration in deed does not estop seller from showing other and further consideration.

4. VENDOR AND PURCHASER—PURCHASER, UNABLE TO OBTAIN TITLE, NOT LIABLE FOR INTEREST ON UNPAID PURCHASE PRICE.—Purchaser of land, unable to get title because of motgagee's refusal to release, held not liable for interest on purchase price, payment of which was deferred until title was obtainable.

5. APPEAL AND ERROR—SUPREME COURT, AS CONDITION TO AFFIRMANCE IN LAW CASE, MAY REQUIRE REMITTITUR TO BE FILED, THOUGH IT CANNOT MODIFY JUDGMENT.—Though Supreme Court, in law case, can only reverse or affirm judgment, and cannot modify it, as in equity case, it may, as condition to affirmance, require remittitur to be filed.

Before DeVore, J., Union, February, 1925. Affirmed on condition that remittitur be filed.

Action by W. F. Farr against Johnson Sprouse. Judgment for plaintiff and defendant appeals.

*Mr. J. Gordon Hughes,* for appellant, cites: *Parol evidence varying deed:* 84 S. C., 185. *Contract for sale of land not enforcible against vendee unless clear title tendered:* 2 Rich. L., 361; 3 Rich. L., 216; 5 Rich. L., 251; 6 Rich. Eq., 324; 99 S. C., 83. *Resale by vendor before contract executed:* 69 Ga., 433; 73 Ga., 118. *Purchase money paid in part by first vendee:* 35 L. R. A. (N. S.), 534, note.

*Mr. John K. Hamblin,* for respondent, cites: *Testimony once received without objection:* 35 S. C., 537. *Proof of true consideration by parol:* 72 S. C., 411; 1 McC., 514; 2 Hill, 404; 32 S. C., 160; 10 S. E., 941; Harper, 393; 2 Devlin on Deeds, 823; 79 S. C., 461; 73 S. C., 253; 53 S. C., 548; 35 S. C., 548; 57 S. C., 69. *Granting new trial discretionary with trial Judge; not reviewable:* 100 S. C., 363; 100 S. C., 281; 100 S. C., 266; 100 S. C., 33; 98 S. C., 43; 97 S. C., 152; 92 S. C., 369; 91 S. C., 454; 91 S. C., 37; 77 S. C., 320. *Findings of fact in law cases not reviewable:* 100 S. C., 453; 99 S. C., 200; 84 S. C., 478. *Novation:* 128 S. C., 442; 21 A. & E. Enc. (2nd Ed.), 660.

November 5, 1925.

The opinion of the Court was delivered by MR. ACTING ASSOCIATE JUSTICE R. O. PURDY.

This case comes up on appeal under the following statement contained in the case:

"In January, 1920, the plaintiff agreed to sell, and the defendant agreed to buy, a small parcel of land in Union County, containing approximately 2 acres and adjoining the defendant, who desired this small quantity of land for the purpose of straightening the line of his plantation. The defendant made an advance payment of $20, and went into possession of the land. Later he agreed that an indebtedness of $40 of plaintiff to him should be applied on the land, making a total payment of $60 on the purchase price of $200 per acre. It was understood that the Union Central Life Insurance Company held a mortgage on the lands of plaintiff, including the parcel of 2 acres in question, but plaintiff was to secure a release of the 2-acre parcel so as to give a good title to defendant. For the purpose plaintiff and defendant visited John K. Hamblin, Esq., but efforts to secure a release met with no success. The plaintiff never offered the defendant a title. Matters remained in *statu quo* until December, 1921, when plaintiff engaged R. L. Kelly, representing Southern States Realty Company, as his agent to subdivide and sell at public auction all of his lands. Kelly had plaintiff's lands divided into seven tracts of various acreages, and these were sold at public auction without any announcements of any exceptions by the auctioneer. Tract No. 7, containing 52.8 acres, included the 2 acres the defendant had contracted to purchase, and this tract was bid in at public sale by the defendant, who was the highest and last bidder, for $2,917.20. When he delivered his deed to defendant for tract No. 7, the plaintiff claims that he told defendant he would expect him to carry out the original contract for the purchase of the 2-acre parcel, and that the defendant stated, in substance, that this would be settled later, while defendant claims he merely stated to plaintiff that he would see him again about the matter. Nothing further was done. Then, on the 25th day of October, 1923, this action was begun by the service of a summons and complaint to enforce the original contract be-

tween plaintiff and defendant for the sale and purchase of the 2-acre parcel of land above mentioned. The cause came on for trial at the February, 1925, term of the Court of Common Pleas before his Honor Judge J. W. DeVore and a jury, and a verdict was rendered in favor of the plaintiff in the sum of $299.06."

Due notice of a motion for a new trial was given and heard, and a new trial was granted, unless the plaintiff remit $36.86, and, if remitted, the motion was refused. The remission was made, and the defendant appealed, alleging error in admitting over objection testimony of the plaintiff and his witnesses as to what was alleged to have taken place between the plaintiff and the defendant concerning the 2 acres of land, upon the ground that this was a varying of the terms of the deed in that the defendant was at all times ready to pay for the land, but could not get good title from the plaintiff; and in that, in selling the land at public auction, these acts rescinded the contract on the part of the defendant; and in that the contract, having been rescinded, could not be revived and put in force by what took place between the parties; and in that the verdict should not only have been for the defendant, but he should have been repaid the $60.

That the plaintiff intended to rescind the contract, and did, so far as he could rescind it, is manifest.

But it appears from the testimony that the defendant did not assent to this, if the testimony of the witnesses is to be believed, and the jury so found by the verdict rendered. The plaintiff testified that the defendant was at the plaintiff's house the night before the sale, and told the plaintiff that, no matter who bought the land the next day, he expected to get his 2 acres of land. The testimony of the plaintiff is, further, that, when the deed was delivered, the plaintiff told the defendant that he wanted a settlement for his 2 acres of land, and that the defendant replied that they would settle that between themselves later. This was

corroborated by two disinterested witnesses. On another occasion, the testimony was to the effect that the defendant stated that, no matter who got the land, he expected to get the 2 acres.

It is not attempted here to give a literal quotation of the language used, but the sense of it. The defendant was in possession, and had paid a part of the purchase money, and he could have stayed away from the sale and his possession would have been notice, which would have protected him, or he could have given notice at the sale and have refrained from bidding, or he could have kept away from the plaintiff and said nothing to him, and treated the contract as rescinded and bid on the land, and then have refused to pay for the 2 acres of land other than as embraced in the 52.8 acres, and he would likewise have been protected. But the jury has found that he did not pursue either course, save to bid on the land, and the jury has found that he bound himself to pay for 2 acres of it in accord with the original purchase, and he is bound by it.

Possession under a parol agreement was notice of the defendant's rights. *Sheorn v. Robinson,* 22 S. C., 32. It is only necessary to quote this case, as the law has not been changed by statute. Code, 1922, Vol. 3, § 5312 (Acts 1925, p. 85).

Had the defendant not purchased the land, and not waived his right to have his contract enforced, and had the land been purchased by some one else, the purchaser would have simply held as trustee in place of the original owner to the extent of the 2 acres, and the defendant would have had to pay him the purchase price upon getting good title, instead of paying it to his original contractor. This subject is most interestingly treated of at length in 13 L. R. A. (N. S.) at page 103 and following.

The plaintiff was not estopped by the deed from showing that there was other and further consideration than that named in the deed of conveyance. *Whitman v. Corley,* 72 S. C., 410; 52 S. E., 49.

Exceptions 1, 2, 3 and 4, involving the matters so far passed upon herein, are overruled. As to the fifth exception, the plaintiff having attempted to rescind the contract, had the defendant acquiesced in it, having the minds of the parties to meet, he would then have had some ground for demanding the repayment of the $60 paid on the purchase money, but he never agreed to the rescission, and, as has been stated, the jury found that what took place between him and the plaintiff was equivalent to a promise to pay for the 2 acres of land, and hence this exception cannot be sustained.

While it appears that the land agreed to be purchased in the first instance was a little less than 2 acres, it has been treated as 2 acres at $200 an acre; and that the purchase price of the 52.8 acres was in fact a little more than $55 an acre, yet it has been treated as a purchase at $55 an acre. The defendant, not being able to get title to the 2 acres of land, through no fault on his part, should not be charged with interest on the purchase price.

While in an equity case, this Court may modify a judgment, and can only reverse or affirm in a law case, such as this case, and cannot pass upon questions of fact, yet, since it is undisputed that the purchase price of the 2 acres of land was $400, and the defendant has paid $60 on account of the purchase money, with the additional sum of $110, paid when he got the deed, he is, as a matter of law, entitled to credit for the total sum of $170, leaving a balance of $230, and the plaintiff must remit all but $230 of record within 10 days after the remittitur is filed, or else a new trial is granted, and, upon such remission being made by the plaintiff, or his attorney in his behalf, the judgment is affirmed.

MR. CHIEF JUSTICE GARY and MESSRS. JUSTICES WATTS, COTHRAN and MARION concur.