13667

GATHINGS v. GREAT ATLANTIC & PACIFIC TEA CO.

(170 S. E., 153)

*Mr. J. Robt. Martin,* for appellant,

*Messrs. Haynsworth & Haynsworth,* for respondent,

July 14, 1933.

The opinion of the Court was delivered by MR. JUSTICE CARTER.

As a statement of this case this Court adopts, in the main, the agreed statement of counsel, as set forth in the transcript of record:

"This appeal involves taxation of Supreme Court costs in *Gathings v. Great Atlantic & Pacific Tea Company,* decision filed February 6, 1933, 168 S. C., 385, 167 S. E., 652.

"The opinion of the Supreme Court was from appeal of judgment on verdict of $2,400.00, entered and filed February 23, 1933, Judgment Roll E-2737, Greenville County.

"Upon filing of remittitur from Supreme Court, February 18, 1933, plaintiff on February 21, 1933, served notice upon attorneys for defendant agreeing to allow costs as follows:

" 'Please take notice, that we stand ready to comply with decision of the Supreme Court in above case in deducting from judgment in compliance with Supreme Court order the items of printing evidence of all witnesses except W. M. Gathings, L. G. Langley, J. R. Gray, and J. L. Creed, and all Exhibits.

" 'We take the position that the cost of printing the above items should be deducted from the total judgment, interest, and other costs.

" 'The Order of the Supreme Court is as follows:

" 'It is ordered that the respondent be required to pay for the printing of all exhibits and the testimony of all the witnesses except that of W. M. Gathings, L. G. Langley, J. R. Gray, and J. L. Creed.'

"The Supreme Court, in conclusion of opinion, 168 S. C., 385, 167 S. E., 652, 656, used this language:

" 'It is ordered that the respondent be required to pay for the printing of all exhibits and the testimony of all the witnesses except that of W. M. Gathings, L. G. Langley, J. R. Gray, and J. L. Creed.

" 'As to the main appeal, the judgment of the Circuit Court is affirmed as to actual damages, and reversed as to punitive damages.'

"Thereafter on February 22, 1933, the plaintiff and defendant each served on opposing attorney's notice of taxation of costs before Clerk of Court T. E. Christenberry, as follows:

"Defendant's proposed taxation of costs: 'Case and Exceptions, $10.00; John I. Gilbert, Stenographer, Transcript of Testmony, $83.20; Argument in Supreme Court, $25.00; Printing Case, $248.18; Printing Argument, $37.50; Printing Reply Argument $15.00; Disbursements: Mailing case, argument and reply argument, .75; Clerk Supreme Court, $4.50; Clerk Court of Common Pleas, filing case and exceptions, $1.00. Total, $425.13.'

"Plaintiff's proposed taxation of costs: 'Argument in Supreme Court, $25.00; Printing Argument, $24.50. Total, $49.50.'

"After hearing argument the Clerk of Court, on March 11, 1933, passed the following order:

" 'It is conceded that respondent on 21st day of February, 1933, served notice on defendant agreeing to pay cost as directed by opinion of Supreme Court.

" 'The appellant mainly relied upon the case of *Galloway v. Western Union Telegraph Company,* 105 S. C., 125, 89 S. E., 638. The respondent contended that such case did not form a precedent, having been decided on first appeal by a divided Court under authority of *Moseley v. American National Insurance Company,* 167 S. C., 112, 166 S. E., 94. It is further contended by respondent that such case is differentiated from the present case by reason of reversal in that case on the ground that there was no evidence to sustain finding of punitive damages.

" 'A further differentiation from the present case is that one-half of the verdict was completely eliminated, whereas in this case only a small portion was reversed, and that not with directions under Rule 27.

" 'Respondent further contends that the Supreme Court in making specific directions and orders of respondent's payment of certain costs necessarily precluded the payment of other cost.

" 'With this contention and with the further contention of respondent that there was a substantial affirmance of the judgment, the cost of respondent is allowed and the cost of appellant is disallowed with the exception that appellant from total cost be allowed a reduction of $129.08 cost of printing evidence of all witnesses, except that of W. M. Gathings, L. G. Langley, J. R. Grey, and J. L. Creed, and Exhibits, and it is so ordered.' "

On appeal from the order of the said Clerk of Court for Greenville County to the Court of Common Pleas of said

county, his Honor, Judge S. W. G. Shipp, who heard the said appeal, upon due consideration, reversed the holding and order of the said Clerk and directed that judgment be entered in favor of the defendant for costs in the sum of $425.13, the amount of costs proposed by the defendant.

The case now comes before this Court on appeal from the said order of his Honor, Judge Shipp. We are satisfied that Judge Shipp reached the proper conclusion in the case, and for the reasons stated by his Honor in his said order the judgment of the lower Court is hereby affirmed.

Mr. Chief Justice Blease and Messrs. Justices Stabler and Bonham concur.