14221

HOME BUILDING & LOAN ASS'N OF SPARTANBURG v. COHEN

(183 S. E., 775)

Mr. Horace L. Bomar, for appellant,

Messrs. H. E. Ravenel and J. W. Mansfield, for respondent,

February 10, 1936.

The opinion of the Court was delivered by Mr. Justice Bonham.

This is an appeal from the order of Circuit Judge Mann which sustains the order of the Clerk of the Court of Spartanburg County which taxes the costs of appeal to the Supreme Court in favor of the respondent in the case of *Home Building & Loan Ass'n of Spartanburg v. Fannie Cohen*, reported in 177 S. C., 370, 181 S. E., 465.

It is the settled rule of this Court that the prevailing party is entitled to tax his costs. It is also held in the recent case of *Heath v. Town of Darlington*, 176 S. C., 252, 180 S. E., 52, 54, citing with approval the case of *Gathings v. Great A. & P. Tea Co.*, 170 S. C., 219, 170 S. E., 153. "If Supreme Court modifies judgment, appellant is regarded as prevailing party and entitled to taxation of his costs."

The grounds of appeal in the case of *Home B. & L. Ass'n v. Fannie Cohen, supra*, are thus stated in the opinion of Mr. Justice Baker:

"The appeal from the decree of foreclosure made by Judge Sease is based upon the ground that the trial Judge applied an incorrect rule of accounting; on the further ground that the trial Judge did not recognize that the only relation between the parties was that of debtor and creditor; on the further ground that the trial Judge did not hold that the suit for foreclosure was premature, and on the further ground that in the order of sale no provision was made for applying upon the indebtedness the value of the 20 shares of stock assigned as collateral security, before resort should be had to the sale of the mortgaged premises."

And further we quote the following from the same opinion:

"Having held that the 20 shares are investment shares, respondent has no lien thereon on account of this indebted-

ness, and so much of the decree of Judge Sease as relates to the sale of these 20 shares is reversed.  *  *  *

"The judgment of this Court is that the judgment of the Circuit Court be modified in the particular above mentioned."

That the appellant in that case succeeded in reversing in part the judgment appealed from, or at least in modifying it, is patent. It follows that she was entitled to tax the cost on appeal to the Supreme Court.

The judgment below is reversed.

MR. CHIEF JUSTICE STABLER and MESSRS. JUSTICES CARTER, BAKER and FISHBURNE concur.