15683

LEMMON *ET AL.* v. WILSON *ET AL.*
(31 S. E. (2d), 745)
(See: 204 S. C., 50, 28 S. E. (2d), 792)

*Mr. George D. Levy, Mr. M. M. Weinberg, Mr. S. K. Nash, Mr. A. S. Merrimon* and *Mr. L. E. Purdy,* all of Sumter, S. C., Counsel for Appellants,

*Mr. Raymon Schwartz,* of Sumter, S. C., Counsel for Respondent,

October 26, 1944.

Per Curiam:

This appeal is from the taxation of costs in the case which is reported under the above title in 204 S. C., 50, 28 S. E. (2d), 792.

Garnett Peatross was the sole appellant and the decision of this Court was against him in the main. However, the Circuit judgment was modified with respect to the disposition of the income upon the trust fund involved which accrued during the "trust year" in which Mrs. Peatross, the life tenant, died. Reference to the report of the former decision will show this in detail.

Upon the filing of the remittitur in the Circuit Court contest arose concerning the taxation of costs. Upon the ground that the decision of the Circuit Court was modified as the result of the appeal, the Court allowed the entry of the judgment in favor of the appellant for certain appeal costs.

From such, this appeal was taken by the former respondents upon the ground that there was no modification of the Circuit judgment upon the first appeal for the income affected was not in issue; this, they say in addition, also because the estate of Mrs. Peatross was not a party litigant, so the former action of this Court in respect to income was futile.

Modification of a judgment upon appeal entitles the appellant to his costs incurred in this Court. *Home Building & Loan Ass'n v. Cohen,* 179 S. C., 159, 183 S. E., 775, and authorities there cited.

Reference has been had to the transcript and briefs in the first appeal. The complaint printed in the former recites (paragraph XIV) that one of the purposes of the action was for the judgment of the Court "defining the meaning of the term 'unexpended income' referred to" in the will under construction; and the prayer, in part, was for judgment determining "the disposition of the accrued income of the trust fund which was on hand and held by the trustees at the time of the death of Mary Wilson Peatross."

Mrs. Peatross had made a will whereby her surviving husband, Garnett Peatross, was the sole beneficiary, and he and J. A. Raffield were executors. However, Raffield joined as a plaintiff in the main action as one of the trustees of the estate of Thomas Wilson, and therefore one of the trustees of the fund in question. The other executor of the will of Mrs. Peatross, her husband as aforesaid, was made a defendant in that action upon the allegation that he claimed some interest in the trust estate and had so notified the plaintiffs. It developed in the trial of the action that his claim was as the sole beneficiary of the will of his wife and that contention was disposed of by the judgment which was affirmed with modification on appeal.

In a supplementary report by the Master (his first having dealt with the corpus) he stated that it had been suggested that some question might be raised as to "unexpended income" and it should be settled in connection with the disposition of the corpus of the trust fund. And he thereupon found that the testator intended that the income be paid annually to his daughter, Mrs. Peatross, on the anniversary of the death of the testator's widow, who was the first life beneficiary of the trust, and that included in "unexpended income" was any which had accrued after the date of the

last anniversary of the death of the widow. It is quite fair to assume that this supplemental finding of the Master was at the instance of the present appellants and that they "suggested" to him the propriety of it, but that consideration is not controlling.

Peatross served several exceptions to this finding and thereby contended (1) that "annually" meant that the life tenant was entitled to the income to the end of the year in which she died, or (2) that all that accrued up to her death was hers, or (3) that the income should be prorated, and finally, that the income accruing between the date of the death of Mrs. Peatross and December 31 of that year should be held to be the "unexpended income."

At the outset of the decree of the Court, from which the prior appeal was had, it was said: "The Master filed a supplementary report dated September 30, 1942, the same relating to unexpended income of the trust fund in question." In a closely following paragraph it was said that Mrs. Peatross by her last will and testament bequeathed and devised all of her property to the defendant, Garnett Peatross, and further, in effect, that Peatross, as the sole devisee of his wife, claimed to be the owner of the trust fund (corpus and income). The reports of the Master, main and supplementary, both adverse to Peatross, were confirmed by the Circuit judgment and all of his exceptions to the reports were overruled.

The exceptions of Peatross on appeal to this Court attacked on a very broad front the principal decision of the Circuit Court, relating to the corpus of the trust fund, and also its conclusion with respect to the income. The exceptions relating to the latter were numbers 5, 6 and 7. And in the brief of appellant there was set out, in accord with the rules of this Court, as question 3, the following: "Did the Will of Thomas Wilson give to his daughter, Mary, the income from the trust fund in question for and during the period of

her natural life, or only up to the last anniversary of the death of Mrs. Elizabeth Wilson, before the death of Mary Wilson Peatross? (Exceptions 5, 6 and 7.)"

Two printed briefs were filed in behalf of respondents but in neither of them was the relevancy of appellant's. third question attacked—the question was simply not argued by them. The oversight is understandable in view of the comparative insignificance of the question; it was overshadowed by the far greater issue concerning the disposition of the corpus of the large fund. But the trustees of the fund had asked for the instruction of the Court concerning the income and had made Peatross a defendant because he claimed as the sole beneficiary of his wife's will.

We think that it came entirely too late at the time of the taxation of the costs on appeal for the present appellants to first take the position (if they could have at any time during the litigation) that disposition of the income was not an issue. We do not think that it can be logically contended that there was a proper adjudication of the disposition of the corpus but not of the income.

It is hardly necessary to say that if the executors of Mrs. Peatross should now claim against the trustees of the estate of Wilson any of the income accrued during the last year of her life but which was not paid to her, they would without doubt be met with the plea of the bar of the adjudication, which it is now inconsistently contended was improperly made.

It is further argued by the appellants (as is said above), by way of a subdivision of their exception, that, quoting, "(b) the alleged modification pertained to no issue in the case since the estate of Mary Wilson Peatross was not a party to the suit and no relief against her estate was in issue."

The latter contention is fully answered by the following quotation from the introductory statement in one of the

printed briefs filed in this Court in behalf of the respondents in the former appeal, the present appellants:

"In 1937 a proceeding was instituted by Martha W. Graham, one of the children of Thomas Wilson, against the then Trustees of said Will in their individual and fiduciary capacities for an accounting in relation to the various trusts set up in said will. This suit is referred to herein as the Accounting Suit.

"While the cause last referred to was pending Mary Wilson Peatross died without having had issue and leaving a Will devising all her property to the appellant, Garnett Peatross, constituting the said Garnett Peatross and J. A. Raffield as her executors. By proper order these executors were substituted in the 'Accounting Suit' as defendants in place of Mary Wilson Peatross and as such adopted the answer filed on behalf of their testatrix.

"Subsequently the trustees of the Will of Thomas Wilson then in office instituted a proceeding for instructions as to the distribution of the two hundred thousand dollar trust fund, making the appellant a party.

"Upon proper motion the 'Accounting Suit' and the 'Instruction Suit' were consolidated."

Thus it is quite clear that the estate of Mrs. Peatross (represented by her executors as such) was a party to the consolidated proceedings and is bound by the judgment of the Court. If this were not true, all of the extensive litigation concerning the trust fund was in vain and would have to be gone over again. Such, of course, is not the case; and all rights relating to the income were settled as finally and effectively as were those concerning the corpus.

The exception is overruled and the judgment affirmed.

MR. CHIEF JUSTICE BAKER and MESSRS. ASSOCIATE JUSTICES FISHBURNE, STUKES, TAYLOR and OXNER concur.