16063

PENNELL & HARLEY, INC. v. HARRIS *ET AL.*
(47 S. E. (2d) 215)

*Messrs. Odom & Bostick* and *E. W. Johnson,* of Spartanburg, for Appellant,

*Messrs. Carlisle, Brown & Carlisle,* of Spartanburg, for Respondents,

April 5, 1948.

BAKER, C.J.: This is an appeal from an Order of Honorable T. S. Sease dated December 11, 1947, affirming a taxation of appeal costs by the Honorable E. W. Miller, Clerk of Court of Common Pleas, made in the above styled case.

. In the main case, in which the appellant here was the respondent, the decision of the lower Court was confirmed by the Supreme Court in all particulars with a single exception. See *Pennell & Harley, Inc. v. Harris et al.,* 210 S. C. 504, 43 S. E. (2d) 490, 496. The opinion of this Court used the following language: "It is lastly contended that the Court erred in awarding a deficiency or personal judgment against appellants for the amount due on the two notes and mortgages foreclosed. Respondent stated he is agreeable to the decree being modified so as to relieve appellants from any liability for a deficiency judgment. It is accordingly so modified".

It is contended by respondents here that this language constitutes such a modification of the Circuit decree as to entitle them to tax their appeal costs, and it was so held below, first by the Clerk of the Common Pleas Court and later by the Circuit Judge.

The concluding paragraphs of the complaint in both causes of action alleged in the foreclosure proceeding are identical, and read as follows: "That the plaintiff herein hereby specifically waives any deficiency judgment and asks that the sale of the property shall be a final sale".

In the main case, and during the pendency of the action, John W. Harris, Jr., acquired the interest of Pennell & Harley, Inc., and an order was passed dismissing it as a party plaintiff, and directing that the action be continued for the purpose of adjudicating the issues raised between John W. Harris, Jr., and his sisters and the heirs of a deceased brother. "The effect of this order was to substitute John W. Harris, Jr., as plaintiff in said foreclosure proceedings". See *Pennell & Harley, Inc., v. Harris et al., supra.*

Exceptions 2 and 5 of the appellants in the main appeal (respondent here) read:

"II. In holding and adjudging that John W. Harris have judgment for the amount of the first mortgage debt, the error being that the record supplies no basis for same."

"V. In ordering and adjudging that the mortgage securing the $10,183.99 note be foreclosed, the error being that the proof showed that said mortgage was a transaction which arose in the course of a family trust and was a trust asset, and that in any event on a proper accounting the trustee of said trust, John W. Harris, had received amounts in excess of his disbursements."

We have set out the above exceptions for the reason that in stating the "Questions Involved" in the main appeal, the then appellants framed their Question 3 in this language:

"Was it error in any event to grant John W. Harris a money judgment against appellants for the amount of the first mortgage debt and to decree foreclosure? (Exception II, V.)"

In the printed brief of the then appellants on this question we find the following:

"In his testimony, John W. Harris expressly stated: 'I am not asking for a deficiency judgment'. (f. 318.)

"It is submitted therefore that there was no basis either in the original complaint or prayer or in the answer of John W. Harris or in the proof for the granting of a money judgment in favor of John W. Harris against the appellants and that the decree should be reversed in that respect."

In the light of the pleadings, and of the positive statement of John W. Harris, Jr. (referred to as John W. Harris by the appellants in the main action) when testifying in the foreclosure proceeding that he was not asking for deficiency judgment, we do not think that the Report of the Master and the Decree of the Circuit Judge are susceptible of being interpreted as granting a deficiency judgment against the appellants in the main case (respondents here). If the then appellants had felt any grievance thereabout, by merely calling it to the attention of either the Master or the Circuit Judge, no doubt the Report of the Master or the Decree of the Circuit Judge would have been so clarified as to dispel any chance of being misinterpreted.

The Record in the main appeal does not contain the exceptions to the Master's Report, but the present Record sets out the then appellants' Exception 18, which we reproduce: "18. Because the Master erred in recommending judgment against these defendants in favor of John W. Harris for the amount of the alleged mortgage debts, the error being that the proof failed to support the same, but on the contrary showed that John W. Harris was seeking subrogation to the plaintiff under one mortgage which had arisen out of a trust relation with these defendants and for adjustment in a general accounting and that he was seeking to enforce the other mortgage of which he was a co-maker and which he had paid for the benefit of all the tenants in common right

of accounting against them according to their equities, and such accountings did. not furnish basis for the judgment recommended".

It will be noted that this Exception makes no complaint whatsoever that a personal or deficiency judgment had been recommended against the appellants (respondents here). If such was in the minds of the counsel appealing, it was expressed so subtilely that such thought was bound to escape the attention of opposing counsel and of the Court. And, so it did. Moreover, the exceptions to this Court do not raise the issue that a personal or deficiency judgment had been granted the then respondent against the then appellants. If the appellants intended to at that late date raise his issue, then their exceptions did not conform to the rules of this Court governing exceptions.

The uncontradicted statement in an affidavit of Honorable E. W. Johnson, an attorney at the Spartanburg Bar of unimpeachable character and unquestioned veracity, appearing in the present Record before the Court, is to the effect that it was his recollection that no mention whatever was made in the argument on the appeal from the Master's Report to the Circuit Court of any deficiency or personal judgment now asserted to have been awarded by the Master to the (then) respondent, nor was any request made before the Circuit Judge before whom the exceptions to the Master's Report were argued, that the Master be reversed in such particular, and that if such position had been taken, he would have immediately consented to a modification of the Report in this respect, if it was needed. Furthermore, the Decree of the Circuit Court makes no reference to any such misunder- . standing of or ambiguity in the Report of the Master which undoubtedly it would have done had this issue been raised.

In the printed brief of the respondent in the main case (appellant here), having reference to the position of the then appellants that a deficiency or personal judgment had been

granted against them, it is stated: "We submit that Exception II is violative of the rules of this Court, in that it is too general in character to comprehend, for example, appellants' argument under 'Question Three' in their brief, particularly where no such question was presented in argument of exceptions to the Master's report before the Circuit Judge. This question relates to the granting of what appellants' counsel characterizes as a personal judgment against appellants. As hereinafter seen, we do not agree that the effect of the decree was a personal judgment; but none the less we do not propose to be taken advantage of in this fashion without protest. It is palpably an attempt by resorting to hairsplitting, to place the onus of costs herein on respondents".

In writing the opinion in the main appeal, the respondent never having contended that he had been granted a deficiency judgment against the appellants, and to the contrary having disavowed any intent to this form of relief throughout the entire proceedings, and when such issue was not properly raised, even if it could have been, there having been no exception to the Master's Report on the appeal to the Circuit Court complaining of a deficiency judgment, it was not necessary for this Court to pass upon the question. It was done solely for the purpose of clarifying the circuit decree and in the paragraph referred to we should have used the word "clarified" instead of "modified". Respondent was entirely agreeable to this Court stating that it was not the intent of the Circuit Court to grant a deficiency judgment against the appellants, and thus relieve any possibility of such construction being placed on the Decree of the Circuit Judge.

The respondent was alert to the potentialities of this Court passing upon an alleged issue which had not been raised in the Court below, was not raised by the exceptions on the appeal to this Court, and in fact, did not exist, but correctly assumed that this Court would not permit the appellants to be advantaged by the paragraph in the opinion hereinabove set out.

We therefore hold, in the circumstances, that the "modification" (clarification) of the Decree of the Circuit Court in the main case does not entitle respondents to their appeal costs.

Reversed.

FISHBURNE, STUKES and OXNER, JJ., concur.

TAYLOR, J., disqualified.