August 3, 1949.
This appeal concerns the taxation of the costs incurred in this Court in the action of Dill et al. v. Lumbermen's Mut.Ins. Co., 213 S.C. 593, 50 S.E.2d 923, 927. Reference to the cited report will show that it was an action at law upon a policy of automobile collision insurance, which policy the defendant unsuccessfully contended was cancelled before the loss occurred. It was tried in the Greenville County Court, by consent without a jury, and verdict and judgment were rendered in favor of plaintiffs for the principal sum of $1,100.00, less $50.00 which was deductible under the terms of the policy from the loss from damage to one automobile. In fact two automobiles were damaged in the same collision and a relatively insignificant point of the appeal was that defendant was entitled, if liable at all, to two $50.00 deductions. However, defendant denied all liability as said and *Page 219 
the appeal was very largely fought out on that ground. The minor point involving only $50.00 was summarily considered at the conclusion of the judgment of the court and it was held that defendant was entitled to two deductions instead of one as allowed by the trial court. The last paragraph of the judgment was: "The respondents' damage resulting from the collision was established at $1,100.00; deducting $100.00 from this amount leaves $1,000.00. They are entitled to judgment for this amount with interest from May 1, 1946, at the legal rate." Thereafter it was tersely said: "Judgment affirmed as modified."
Before the remittitur was sent down to the trial court plaintiffs' counsel notified counsel for defendant in writing, as follows: "In compliance with the decision of the Supreme Court we hereby remit upon the record fifty ($50.00) dollars." Defendant challenged the propriety of the remission and contended for the right to tax its appeal costs which amounted to $213.35. Plaintiffs insisted on the other hand that they are entitled to their costs on appeal, amounting to $84.55. The Clerk taxed the costs in accord with the contention of defendant but upon review the County Court reversed and held that plaintiffs are entitled to their costs on appeal and that therefore the defendant is not so entitled. Thereupon the defendant appealed the question to this Court.
Costs are the creature of statute and long considered in this State to be in the nature of penalties. Banksv. Columbia Ry. Gas Electric Co., 113 S.C. 99,101 S.E. 285, and cases cited. Here the governing statute is Sec. 756 of the Code of 1942 which is an applicable part, as follows:
"In every civil action commenced or prosecuted in the courts of record in this State (except cases in chancery) the attorneys of plaintiff or defendant shall be entitled to recover costs and disbursements of the adverse party, as prescribed in Section 757, 758, and chapter 117, such costs to be allowed as of course to the attorneys of plaintiff or defendant, *Page 220 
and, all officers of the court thereto entitled, accordingly as the action may terminate, and to be inserted in the judgment against the losing party. In cases in chancery, the same rule as to costs shall prevail, unless otherwise ordered by the court."
It is quite plain thereunder that the "losing party" is liable for the statutory costs of litigation, including appeal to the Supreme Court. Ex parte Miller,192 S.C. 164, 5 S.E.2d 865. Were plaintiffs the "losing party" in this court when they came out of it with all of their $1,100.00 judgment except $50.00? We do not thing so; hence we shall have to hold that they are entitled to tax against defendant their statutory costs on appeal.
The County Court accurately comprehended the judgment in the main appeal and said in his order: "It is my opinion that the Court intended its disposition of the appeal should be given the effect of an affirmance of the judgment on condition that the respondents remit the excessive portion of $50.00, rather than that of a modification. The respondents having made such remittance the judgment therefore stands affirmed with costs to the plaintiffs-respondents." Principally relied upon was the well-considered case ofSalley v. Seaboard Air Line Ry., 79 S.C. 388, 60 S.E. 938. There a judgment at law for $2.00 damages and $40.00 statutory penalty was, quoting, "affirmed, with the reduction of $5.00, the overcharge on the amount found as penalty." 76 S.C. 173, 56 S.E. 782. The clear and concise judgment of this court in the costs appeal is here quoted from 79 S.C. at page 389, 60 S.E. at page 938:
"The question presented is: Which party is entitled to the costs as prevailing party? This is a case at law, and the court can only affirm or reverse, and has no power to modify, as in equity cases. Hosford v. Wynn, 22 S.C. [309], 313. The judgment of this court therefore in terms and in legal effect was substantially a judgment of affirmance. Of course, it cannot be said that defendant prevailed in reversing the *Page 221 
judgment. Where the case is one in equity, and the appellant succeeds in substantially modifying the decree, costs may be allowed him as prevailing party. Sullivan v. Latimer, 43 S.C. 262,21 S.E. 3.
"The judgment in this case, if it is not to be strictly construed as an affirmance of the judgment appealed from, bears analogy to cases at law in which a new trial nisi has been granted, but judgment to stand affirmed upon remitting the amount designated by the court, in which case, if the remittance is made, and judgment stands affirmed for the reduced amount, the party whose judgment stands affirmed is the prevailing party and entitled to costs of appeal. Stepp v.National Life Maturity Association, 41 S.C. 206,19 S.E. 490; Young v. Cohen, 44 S.C. 376, 22 S.E. 409."
The foregoing was similarly quoted with approval inCitizens' Bank v. Davis, 132 S.C. 1, 128 S.E. 857.
Interesting comment relating to the limitations upon the power of this court over verdicts in law cases is found inMiddleton Co. v. Atlantic Coast Line R. Co., 133 S.C. 23,130 S.E. 552, 556, as follows: "This court has no power to readjust a verdict in a law case except in the manner indicated, and that is only through its power to order a new trial conditioned upon the refusal of the terms imposed. It grants a new trial nisi in favor of the defendant, unless the plaintiff should reduce the verdict, for the reason that it has no absolute control over the verdict; it cannot readjust it against the will of the plaintiff by reducing it. If it cannot reduce the verdict, it seems clear that it cannot increase it upon the plaintiffs' motion, except indirectly in the manner stated." In another case decided at about the same time the verdict of a jury was in effect reformed by use of judgmentnisi, Farr v. Sprouse, 133 S.C. 93, 130 S.E. 210, as was also done in the recent case of Evans v. Century Ins. Co.,201 S.C. 273, 22 S.E.2d 877. Other examples may be found in our decisions by reference to 3 South Eastern Digest, Appeal and Error, Par. 1140, page 987 et seq. *Page 222 
The use of the word "modified" in our judgment in the main appeal was perhaps an inadvertence; at any rate it was immediately taken to be such by plaintiffs, as stated above, who proceeded forthwith to remit $50.00 of their judgment in the circuit court which put defendant on notice of plaintiffs' correct construction of the judgment. This was all that defendant was entitled to under the decision. With the remission the judgment of the trial court stood affirmed. There is some similarity with the situation in the recent case of Pennell Harley Inc. v. Harris,212 S.C. 209, 47 S.E.2d 215. There the word "modified" was similarly artlessly used and capital was likewise attempted to be made of it in connection with the taxation of appeal costs. It meant in that case "clarified" and here it means "affirmed upon condition." The true meaning was brought forcibly to the attention of defendant in this case by plaintiffs' remission of $50.00 of their judgment. Further controversy was inappropriate and must be held to have been without merit.
Defendant contends that the more recent decisions of this court establish the rule that appellant is entitled to appeal costs when there is a modification of the judgment of the lower court which has the effect of terminating the case, as here. The argument does not take into account the substance or degree of modification, which we think is an important factor in a true case of modification, and apparently ignores the controlling statute which we have cited to the effect that upon the losing litigant shall fall the costs. With the latter in mind we shall briefly consider the cases cited in this division of defendant's well prepared brief. They are there discussed without regard to whether they were legal or equitable actions although different rules apply, as has been seen.
Gathings v. Great Atlantic Pacific Tea Co., 170 S.C. 219,170 S.E. 153, involved a judgment which included verdict for $2,000.00 actual damages and $400 punitive *Page 223 
damages. The judgment of this Court was affirmance of the actual damages and reversal of the verdict for punitive damages. The order on circuit, which was adopted and published by this Court, allowed defendant its appeal costs and referred to the reversal of award for punitive damages as a substantial modification and it was said that a modification of a judgment entitles appellant to appeal costs as the prevailing party but that should the Supreme Court award a new trial nisi, that is, unless the respondent should remit a portion of the judgment, and affirming the judgment if this remittance should be made, then that would be an affirmance and the respondent, therefore, entitled to its costs. The earlier case of Massey v. Hines, 117 S.C. 1, 108 S.E. 181, was cited. In that case an award of punitive damages of $12,000.00 was reversed and actual damages of $8,000.00 affirmed, and costs were allowed appellant. It is seen that those cases are quite alike; a still earlier similar case is Gallowayv. Western Union Tel. Co., 105 S.C. 125, 89 S.E. 638.
Next cited by defendant is Home Building Loan Ass'n.v. Cohen, 179 S.C. 159, 183 S.E. 775, in which the "modification" was to the effect that respondent had no lien, as held by the trial court, on twenty investment shares of the Association and the judgment of this Court was referred to as a reversal in this respect as well as a modification and costs were allowed to appellant.
Finally under this head defendant cites Lemmon v. Wilson,205 S.C. 297, 31 S.E.2d 745, in which appellant was awarded his costs in this Court for having succeeded in reversing the judgment of the trial court in an important particular, also, however, called a modification. Reference to report of the decision of the main appeal, 204 S.C. 50,28 S.E.2d 792, discloses that the judgment of this Court reversed the trial court with respect to the disposition of "several thousand dollars of income", 204 S.C. at page 82, 28 S.E.2d at page 805, of a large trust estate.
It is easily seen by this resume of these recent cases that none of them is sufficiently similar in facts to the case in *Page 224 
hand to serve as a precedent for decision of the latter. However, they do disclose thoughtless use of the terms "modified" and "modification" the instant appellant's argument with respect to these authorities is also answered, as is its argument in general, by the terms of the ruling statute which has been quoted.
An ancient political adage which is now in popular disreput may be fairly paraphrased to sum up the situation in this and similar cases — "To the victor belongs the spoils (costs)."
Judgment affirmed.
BAKER, C.J., and FISHBURNE and TAYLOR, JJ., concur.
OXNER, A.J., concurs in result.