14124

HOME BUILDING & LOAN ASSOCIATION OF SPARTANBURG
v. COHEN.

(181 S. E., 465)

*Mr. Horace L. Bomar,* for appellant,

*Messrs. H. E. Ravenel* and *J. W. Mansfield,* for respondent,

August 12, 1935.

The opinion of the Court was delivered by MR. JUSTICE BAKER.

This case is here on appeal from an order made by Judge P. H. Stoll, January 30, 1935, overruling a demurrer to the complaint, and also from a decree of foreclosure by Judge T. S. Sease dated March 15, 1935, fixing the amount due by appellant and directing the sale of the mortgaged premises

and the payment from the proceeds of sale of the amount found due.

The demurrer was interposed on the ground that all the matters relied on by respondent had been determined against it in a previous case between the same parties, in which the same cause of action was involved, and on the further ground that if, in the previous case, all such matters had not been determined, then there was another action pending, when this case was instituted, between the same parties, involving the same cause of action.

This Court held, in the case of *Cohen v. Building & Loan Association,* 174 S. C., 282, 177 S. E., 320, which is the case relied upon in the demurrer, (1) that the mortgage involved should not be canceled as prayed for by respondent, and that the suit brought for cancellation was properly dismissed by the trial Judge, and (2) that upon an accounting to be had in some future action only 80 shares of the 100 shares should be treated as loan shares and the other 20 as investment shares.

The exceptions to the order of Judge Stoll must therefore be overruled.

The appeal from the decree of foreclosure made by Judge Sease is based upon the ground that the trial Judge applied an incorrect rule of accounting; on the further ground that the trial Judge did not recognize that the only relation between the parties was that of debtor and creditor; on the further ground that the trial Judge did not hold that the suit for foreclosure was premature, and on the further ground that in the order of sale no provision was made for applying upon the indebtedness the value of the 20 shares of stock assigned as collateral security, before resort should be had to the sale of the mortgaged premises.

Aside from the last ground stated, the fundamental ground on which the appeal from the decree of foreclosure must stand, if at all, is that the Court committed error in not treating the entire 100 shares of stock

issued to defendant as loan shares, but, on the contrary, in treating 20 shares of that stock as investment stock.

This Court is satisfied with the conclusion reached by the trial Court as to this particular matter. Indeed, the case of *Cohen v. B. & L. Ass'n, supra,* is *res adjudicata* as to this.

Having held that the 20 shares are investment shares, respondent has no lien thereon on account of this indebtedness, and so much of the decree of Judge Sease as relates to the sale of these 20 shares is reversed.

However, this Court is impressed with the idea that, since the respondent is in process of liquidation, in dealing with the situation presented, in accordance with equitable principles, the mortgaged property, which probably constitutes appellant's home, should be subjected to sale only after the value of the 20 shares of investment stock shall have been applied on the indebtedness, if appellant so desires. It seems that justice might be done in this regard without impairing any of the rights of either of the parties, if, at the option of the appellant, the 20 shares of investment stock should be disposed of by sale at public auction, if some other means of disposing of that stock or fixing its value cannot be agreed upon by the parties, and by selling the mortgaged premises only after credit has been given for the proceeds of the disposition of that stock.

It is therefore ordered that the exceptions, other than Exception 3, subdivision (e), be, and they are hereby, overruled, and that the decree of foreclosure and sale be modified so as to provide, if defendant so desires, for the sale of the 20 shares of investment stock, and credit of the proceeds of sale on her indebtedness to respondent, and that the mortgaged premises be sold only in the event that a sufficient amount is not realized from the sale of the investment stock to pay the entire amount due.

The judgment of this Court is that the judgment of the Circuit Court be modified in the particular above mentioned, and that the case be remanded for such further proceedings

as may be necessary to carry the judgment of this Court into effect.

MR. CHIEF JUSTICE STABLER and MESSRS. JUSTICES CARTER, BONHAM and FISHBURNE concur.

### ORDER ON PETITION FOR REHEARING

*Per curiam.*

The opinion filed herein held that the case of *Cohen v. B. & L. Ass'n,* 174 S. C., 282, 177 S. E., 320, was *res adjudicata* as to how the 80 and 20 shares of stock, respectively, should be treated upon an accounting in some future action.

The position taken by defendant in the second ground for rehearing does not appear from the record to have been raised before the Circuit Judge. The record does not disclose that defendant was prevented from carrying out her contract by the insolvency of plaintiff, but, on the other hand, defendant stopped making the monthly payments, and brought an action to have her bond and mortgage declared paid and canceled.

Petition refused.

MR. CHIEF JUSTICE STABLER and MESSRS. JUSTICES CARTER, BONHAM, BAKER and FISHBURNE concur.